**ALLEGHENY CASUALTY CO., d/b/a Exit Bail Bonds, Appellant,**

**v.**

**The STATE of Texas, Appellee.**

No. 08–00–00113–CV.

Court of Appeals of Texas, El Paso.

July 12, 2001.

Matthew DeKoatz, David A. Rutledge, El Paso, for Appellant.

Jose R. Rodriguez, County Atty., Cygne Nemir, Asst. County Atty., El Paso, for Appellee.

Before Panel No. 1 LARSEN, McCLURE, and CHEW, JJ.

## OPINION

LARSEN, Justice.

Appellant, Allegheny Casualty Company, d/b/a Exit Bail Bonds, appeals from a final judgment forfeiting a bail bond, for which it was the surety. We affirm.

### FACTS

On September 11, 1997, a pre-indictment bail bond was executed against Defendant Principal Margarita Lugo.[1] The bond amount was for $10,000 personal bond, and $20,000 surety, for which Allegheny was held as the surety. On January 7, 1998, the trial court revoked Lugo's personal recognizance (PR) bond for her failure to report, set a new bond at $40,000 surety, and ordered that a capias issue.[2]

On May 12, 1999, the trial court signed a judgment nisi, due to Lugo's failure to appear at a pretrial conference on March 1, 1999 in her criminal case. The judgment forfeited the bail bond and ordered the State to recover $20,000 from Lugo as principal, and $20,000 from Allegheny as surety, unless good cause could be shown as to why Lugo did not appear.

Service of citation was issued to Defendant Surety Allegheny Casualty Co. notifying them to appear (by filing a written answer) and show cause why a judgment nisi should not be made final. Citation was also mailed to Lugo, however, it was returned stamped "Attempted Not Known." Allegheny filed a general denial.

A first amended judgment nisi was signed on December 15, 1999 alleging two additional aliases for Lugo.[3] Citation was mailed to Lugo as well as Allegheny.

At the forfeiture hearing held December 21–22, 1999, the trial court granted the State's request for a trial amendment to add two additional aliases to the pleadings.[4] The trial court took judicial notice of the first amended judgment nisi. After hearing evidence and argument of counsel, the trial court rendered final judgment in favor of the State and against Lugo as the Defendant Principal and against Allegheny as the Defendant Surety, each in the amount of $20,000. Allegheny timely filed a motion for new trial and notice of appeal.

### DISCUSSION

Allegheny raises six issues for review: (1) that the trial court erred in allowing the State to take a judgment without including all necessary parties; namely, the County of El Paso; (2) that the trial court failed to comply with Article 22.02 of the Code of Criminal Procedure; (3) that the trial court erred in allowing the State to amend the judgment nisi on the day of trial; (4) that there is insufficient evidence to support the judgment; (5) that it was denied due process and due course of law; and (6) that the trial court erred in taking judgment on an invalid bond.

■ In Issue One, Allegheny contends that the judgment is not a final judgment because it does not include all necessary parties. Specifically, it argues that the

---

1. An indictment was filed against "Margarita Perez Lugo" on October 1, 1997 charging unlawful possession of more than 50 pounds of marijuana. The bond was issued to "Margarita Lugo Lugo."

2. The order recites that the original bond was split $20,000 PR and $20,000 surety.

3. The names "Margarita Lugo Lugo" and "Margarita Perez" were added as aliases to the original name of "Margarita Lugo."

4. The State sought to add the aliases, "Margarita Lugo Perez" and "Margarita Perez Lugo" to its pleadings, and the additional names are reflected on the final judgment.

County of El Paso was not made a party to the suit as surety on the personal bond and is not named in the final judgment. Rather, the judgment is against Lugo as Defendant Principal and against Allegheny as Defendant Surety. The judgment nisi and amended judgment nisi name these two parties as well. Neither mentions the County of El Paso as a surety. Allegheny contends that because the PR bond involved the County as surety, and the County obtained a revocation of the bond and issuance of a capias for the Defendant Principal, then the forfeiture judgment must include the County as a party in order to dispose of all necessary parties.

The Court of Criminal Appeals has held that Article 22.14 of the Code of Criminal Procedure requires a judgment be made final against both the principal and the sureties.[5] Here, the principal and surety were in fact named on both the original and first amended judgment nisi and on the forfeiture judgment. Thus, the judgment disposed of all necessary parties.

We overrule Issue One.

In Issue Two, Allegheny contends that the trial court erred in taking judgment against the surety when the court failed to comply with TEX.CODE CRIM.PROC.ANN. art. 22.02. In particular, Allegheny avers that there is no evidence in the record to show that Lugo's name was properly called at the courthouse door on March 1, 1999 prior to rendition of the judgment nisi.

■ TEX.CODE CRIM.PROC.ANN. art. 22.02 directs that the defendant's name be called "distinctly" at the courthouse door, and that if the defendant fails to appear within a reasonable time after such call is made, judgment will be entered for the State on the bond forfeiture.[6] Thus, to be entitled to forfeiture of a bond, the State need only show: (1) a valid bond; (2) the defendant's name was distinctly called at the courthouse door; and (3) the defendant failed to appear within a reasonable time of that call.[7] A judgment nisi is prima facie proof that the statutory requirements have been satisfied and the burden is on the defendant to affirmatively show otherwise.[8] It is well settled that the essential elements of the State's case in a bond forfeiture proceeding consists of the bond and the judicial declaration of the forfeiture of the bond, which is the judgment nisi.[9] Once this has been established, the defendant must then prove that one of the elements has not been complied with.[10]

■ Here, the first amended judgment nisi and the bond established the State's prima facie proof that the statutory requirements of Article 22.02 were met. There is nothing in the Code that requires any kind of affidavit be made to show that the name was called. In the instant case, Allegheny has failed to affirmatively show that Lugo's name was not called.

At the hearing, the court reporter testified that she had no records indicating that Lugo's case was called on March 1, 1999, and had no indication of a bond forfeiture or judgment nisi being entered on that date. Similarly, the deputy district clerk testified that as custodian of records for

5. *Joe's Bonding Co. v. State,* 481 S.W.2d 145, 146 (Tex.Crim.App.1972).

6. TEX.CODE CRIM.PROC.ANN. art. 22.02 (Vernon 1989); *Alvarez v. State,* 861 S.W.2d 878, 888 (Tex.Crim.App.1993) (op. on reh'g).

7. *Alvarez,* 861 S.W.2d at 888.

8. *Tocher v. State,* 517 S.W.2d 299, 301 (Tex. Crim.App.1975).

9. *Alvarez,* 861 S.W.2d at 880–81; *Tocher,* 517 S.W.2d at 301; *Marroquin v. State,* 953 S.W.2d 829, 830 (Tex.App.—Corpus Christi 1997, no pet.).

10. *Tocher,* 517 S.W.2d at 301.

Lugo's criminal case and on the bond forfeiture case, she had no indication that Lugo's case was called or that her name was called on the courthouse steps.

In rebuttal, however, the State called the bailiff from the court on March 1, 1999, who testified that a copy of the docket sheet from the court's staff records for that day shows his notation "BF" next to Lugo's name. He stated that while he had no personal knowledge of whether he called the name, his notation indicated that he did.

Thus, there was no affirmative testimony or evidence presented that showed Lugo's name was not called, only that there are no official records that it was called. As such, Allegheny has failed to overcome the presumption that the recitation of the requirement in the first amended judgment nisi is in accordance with the statute.

We overrule Issue Two.

■ In Issue Three, Allegheny contends that the trial court erred in allowing the State to amend the judgment nisi on the day of trial. In particular, Allegheny asserts that it received no notice prior to trial of the amendment to include additional aliases of the principal. The record shows that at the proceeding, prior to announcing ready, the State requested to add two additional aliases of the Defendant Principal to the pleadings. Over the surety's objection on lack of notice, the trial court approved the amendments.

■ TEX.CODE CRIM.PROC.ANN. art. 22.10 provides that the bond forfeiture proceedings are to be governed by the same rules governing other civil suits.[11] The trial court has authority to permit pretrial amendments pursuant to TEX. R.CIV.P. 63, but can only deny a request if there is a showing that the amendment would operate as a surprise to the opposite party.[12] A trial court may also allow a trial amendment absent a showing that the amendment would prejudice the defense.[13] Thus, the opposing party must show "prejudice" before the trial court may deny the amendment.[14] Only upon a showing of abuse of discretion will the trial court's ruling be overturned.[15]

■ The burden is upon the opposing party to show either by evidence adduced that it would be prejudiced by the filing of the amendment, or that the proposed amendment is facially prejudicial.[16] For an amendment to be prejudicial on its face: (1) it must assert new substantive matter that reshapes the nature of the trial itself; (2) the new matter asserted must be such that it could not be anticipated by the opposing party in light of the development of the case up to the time the amendment was requested; and (3) the allowance of the amendment must not detrimentally affect the opposing party's presentation of the case.[17]

Here, Allegheny does not argue an abuse of discretion and fails to demonstrate prejudice or surprise in the record.

11. TEX.CODE CRIM.PROC.ANN. art. 22.10 (Vernon Supp.2001); *Dees v. State*, 865 S.W.2d 461, 462 (Tex.Crim.App.1993).

12. TEX.R.CIV.P. 63; *Smith Detective Agency & Nightwatch Serv., Inc. v. Stanley Smith Sec., Inc.*, 938 S.W.2d 743, 747–48 (Tex.App.—Dallas 1996, writ denied).

13. TEX.R.CIV.P. 66; *Smith*, 938 S.W.2d at 748.

14. *Smith*, 938 S.W.2d at 748.

15. *Ohio Med. Prod., Inc. v. Suber*, 758 S.W.2d 870, 872 (Tex.App.—Houston [14th Dist.] 1988, writ denied).

16. *Weynand v. Weynand*, 990 S.W.2d 843, 847 (Tex.App.—Dallas 1999, writ denied); *Smith*, 938 S.W.2d at 748.

17. *Smith*, 938 S.W.2d at 749.

The amendments to Lugo's name did not add any new substantive issues,[18] did not prejudice the surety's presentation of any defenses, and could have been anticipated. Because the amendment was not prejudicial on its face, and appellant failed to make a showing otherwise of prejudice, the trial court had no discretion to deny the request for a trial amendment. Therefore, the trial court did not err in allowing the trial amendments.

We overrule Allegheny's third issue.

In Issue Four, Allegheny claims that the evidence was insufficient to support the forfeiture judgment. Specifically, it asserts that the State requested the trial court take judicial notice of the judgment nisi and, therefore, failed to introduce the *amended* judgment nisi into evidence.

The State is not required to introduce the judgment nisi into evidence, and may instead have the trial court take judicial notice of it.[19] Here, the trial court took judicial notice of the first amended judgment nisi, signed by the same judge. In addition, a certified copy of the bond was admitted into evidence. Thus, the State met its burden of establishing a valid bond and a judgment nisi. The evidence was therefore sufficient to support the judgment.[20]

We overrule Issue Four.

In Issue Five, Allegheny claims that it was denied due process and due course of law because it did not receive notice of the personal bond revocation before the judgment nisi was rendered. It further claims that it was entitled to notice under Article 17.09, section 3. The State argues that the surety was not entitled to notice because it was not a party to the criminal case.

At the forfeiture hearing, the custodian of records for Allegheny testified that Allegheny received no notice that the bond was revoked prior to the judgment nisi being entered, and was never notified by PR Bonds of the revocation. Allegheny introduced into evidence a certified copy of the order revoking personal recognizance bond.

Chapter 22 of the Code of Criminal Procedure provides for the service of citation to sureties.[21] In particular, Article 22.03 requires that upon entry of judgment, the citation will issue notifying the sureties that the bond was forfeited, and requiring them to appear and show cause why the forfeiture judgment should not become final.[22]

In the instant case, the record reflects that the surety was notified by return receipt mail of the citation and judgment nisi, as well as the amended judgment nisi. The clerk's record contains the citations and return receipts germane to the judgment nisi and amended judgment nisi. The record does not reflect that Allegheny attempted to appear and show cause why the judgment should not become final. Rather, it filed a general denial.

**18.** *Compare Hokr v. State,* 545 S.W.2d 463, 467 (Tex.Crim.App.1977) (variance between names of parties to bond and names of parties against whom judgment nisi is taken is fatal), *with Cepeda v. State,* 489 S.W.2d 907, 908 (Tex.Crim.App.1973) (middle names not essential, such that adding or deleting does not create variance).

**19.** *Hokr,* 545 S.W.2d at 466; *Bob Smith Bail Bonds, Surety v. State,* 963 S.W.2d 555, 555–56 (Tex.App.—Fort Worth 1998, no pet.).

**20.** *See Bob Smith Bail Bonds, Surety,* 963 S.W.2d at 555–56.

**21.** *See* Tex.Code Crim.Proc.Ann. arts. 22.01, et seq. (Vernon 1989 & Supp.2001).

**22.** Tex.Code Crim.Proc.Ann. art. 22.03 (Vernon 1989).

Moreover, a condition of the bond was that the principal personally appear in the 41st District Court "instanter." Such wording has been held to provide sufficient notice to comport with due process.[23] We find that Allegheny was provided the requisite statutory notice, and was afforded due process under the federal and state constitutions.

We overrule Issue Five.

In its sixth and final issue for review, Allegheny contends that the trial court erred in taking judgment against it on an invalid bond. In particular, Allegheny argues that when the trial court revoked the personal bond and issued a capias, it was no longer liable on the surety bond because the revocation of the personal bond rendered its bond invalid. Allegheny also filed a supplemental brief citing to an Attorney General's opinion for the proposition that a split bond is invalid and unauthorized.[24]

After a judicial declaration of forfeiture is entered, the trial court may exonerate the defendant and his or her sureties from liability on the forfeiture only as expressly provided under Chapter 22.[25] Article 22.13 sets out the four causes that will exonerate a defendant and his or her sureties from liability upon forfeiture, one of which is that the bond is not valid and binding under the law.[26]

The State responds that the split bonds are authorized under the Code, and that Allegheny was not released from liability on the bond. Further, the surety bond in this case comports with the requirements of Article 17.08, and is therefore valid.[27] Moreover, the bond was forfeited in the manner set forth by Article 22.02.[28]

We agree with the State's position and find that the bond was valid and, therefore, not a cause for exoneration for the surety. The Attorney General's opinion cited by Allegheny is not controlling legal authority.[29] We are not persuaded by the opinion, and Allegheny provides no other authority to support its contention that a split bond is invalid and thus, grounds for exoneration of liability or to show that the surety is released from liability upon revocation of a personal bond.[30] Moreover, nothing in the Code renders a split bond invalid. Thus, the trial court properly rendered judgment on a valid bond.

We overrule Issue Six.

### CONCLUSION

Having overruled each of Allegheny's issues for review, we affirm the trial court judgment.

**23.** *See Serrano v. State,* 804 S.W.2d 543, 545 (Tex.App.—Houston [14th Dist.] 1991, no pet.).

**24.** *See* Op.Tex.Att'y Gen. No. JC–0215 (2000).

**25.** Tex.Code Crim.Proc.Ann. art. 22.125 (Vernon Supp.2001).

**26.** Tex.Code Crim.Proc.Ann. art. 22.13(1) (Vernon 1989).

**27.** Tex.Code Crim.Proc.Ann. art. 17.08 (Vernon Supp.2001).

**28.** Tex.Code Crim.Proc.Ann. art. 22.02 (Vernon 1989).

**29.** *See Brainard v. State,* 12 S.W.3d 6, 14 (Tex.1999).

**30.** *See Morehead v. State,* 807 S.W.2d 577, 579 n. 1 (Tex.Crim.App.1991) (failure to adequately brief argument and provide supporting authority waives complaint).