COURT OF APPEALS









COURT OF APPEALS

EIGHTH DISTRICT OF TEXAS

EL PASO, TEXAS

 


 
 
  
 SAFETY NATIONAL
 CASUALTY CORP. (AGENT FERNANDO RODRIGUEZ D/B/A AMERICA III BAIL BONDS),
  
                             Appellant,
  
 v.
  
  
 THE STATE OF
 TEXAS,
  
                             Appellee.
 
 
  
 '
    
 '
    
 '
    
 '
    
 '
    
  ' 
  
 
 
  
  
                 No. 08-01-00323-CV
  
 Appeal from
  
 34th District Impact Court
  
 of El Paso County, Texas 
  
 (TC# 2000BF213) 
  
 
 


 

O P I N I O N

 

Safety National Casualty Corp.
appeals from a judgment forfeiting a bail bond in a criminal case.  We affirm.

Summary of Evidence








Humberto Ortega (a/k/a Licerio
Humberto Ortega) was indicted for manufacturing and delivering a controlled
substance, namely cocaine.  The court set
bond at $30,000 surety bond and $5,000 personal recognizance bond--what the
parties refer to as a Asplit bond.@  The surety bond was subject
to Ortega=s appearance at trial and the
personal recognizance bond was subject to several other conditions.[1]  

Ortega posted the personal
recognizance bond, and Safety National Casualty Corp. (Agent Fernando Rodriguez
d/b/a America III Bail Bonds) acted as surety.

Ortega was scheduled to appear for
jury trial on July 25, 2000, but did not. 
The trial court entered judgment nisi against Ortega, as principal, and
Safety National, as surety, in the sum of $30,000 plus court costs on July 31,
2000.  The judgment stated that Ortega
had failed to make his personal appearance or to answer the indictment against
him.  Therefore, the State was entitled
to forfeiture of the bail bond, and the judgment would be made final unless
good cause could be shown why Ortega did not appear.  The trial court then allowed capias to issue
and reset bond at $100,000.[2]

A hearing on the bond forfeiture was
held on May 21, 2001.  The trial court
took judicial notice of the judgment nisi and admitted into evidence the order
setting bond in the case and the order setting the personal recognizance
bond.  As a result, the court found that
Ortega had failed to appear and wholly defaulted.  It ordered the surety bond forfeited and
ordered final judgment issue against Safety National and Ortega, each in the
amount of $30,000 plus court costs.








Safety National requested findings of
fact and conclusions of law.  The
findings and conclusions were filed by the trial court on July 18.  Safety National timely filed notice of appeal
on July 31.

Discussion

Appellant brings a sole point of
error on appeal.  It does not argue that
the personal bond was invalid or that the surety bond was invalid.  Instead, it argues that because the order
required both bonds, it was invalid. 
That is, appellant argues that the trial court lacked authority to enter
the order setting the split bond and, as a result, the bail bond was
invalid.  We disagree.

Appellant relies heavily on article
17.09 of the Texas Code of Criminal Procedure, Tex. Code Crim. Proc. Ann. art. 17.09 (Vernon 1977), in
making its argument.  It cites section 2
of article 17.09 for the proposition that once a defendant has given bail for
his appearance in answer to a criminal charge, he shall not be required to give
another bond in the course of the same criminal action, except as
provided.  While we agree with appellant=s recitation of section 2, our opinion
diverges from appellant=s when appellant continues, AThe language of the statute clearly
demonstrates that the court is not empowered to require more than one bail bond
except in exceptional circumstances which are defined in the statute.@








The State offers an alternative
explanation for article 17.09.  It argues
that the provisions are not as appellant interprets them but are intended to
stop the practice of requiring new bail from a defendant who has already posted
the necessary bail to be released from confinement.  We find support for this claim in the Special
Commentary to article 17.09, which provided that articles 17.08 and 17.09 were
amended to Aeliminat[e] the need under the old
practice of requiring new bail at various stages of the proceeding.@ 
Tex. Code Crim. Proc. Ann.
art. 17.09 cmt. (Vernon 1977).  And
section 1 specifically so holds.  Tex. Code Crim. Proc. Ann. art. 17.09, ' 1 (Vernon 1977).  We believe that the sections of article 17.09
must be read in conjunction with each other. 
See id.  Having done so, we
conclude that the intention of article 17.09 is not to prohibit the use of
split bonds.

Appellant draws upon other articles
of the Code of Criminal Procedure in making its argument.  Appellant reads the articles as generally
disallowing multiple bail bonds.  We
construe the articles differently.

Appellant reads article 17.01, Tex. Code Crim. Proc. Ann. art. 17.01
(Vernon 1977), to mean that bail may be fulfilled either through a bail bond or
a personal bond--but not both.  In
contrast, we read article 17.01 to give the definition of bail, of which bail
bonds and personal bonds are types or means of fulfilling the bail
requirements.  We do not believe article
17.01 precludes the use of both types of bonds to satisfy bail.








Appellant reads article 17.04, Tex. Code Crim. Proc. Ann. art. 17.04
(Vernon 1977 & Supp. 2002), as disallowing split bonds because article
17.04 states that a personal bond is sufficient if it includes the requisites
of a bail bond, except that no sureties are required.  Conversely, we read article 17.04 solely as
explaining what requirements a personal bond must have in order to be
valid.  We do not read it as disallowing
courts from requiring both personal and bail bonds.

Appellant also argues that split
bonds are inconsistent with article 17.08,
Tex. Code Crim. Proc. Ann. art. 17.08 (Vernon 1977 & Supp.
2002).  However, we have previously held
to the contrary.  In Allegheny
Casualty Co. v. State, 52 S.W.3d 894 (Tex. App.--El Paso 2001, no pet.), we
specifically determined that a split bond comports with article 17.08.  Id. at 900; see also Frontier
Insurance Co. v. State, 64 S.W.3d 481, 483 (Tex. App.--El Paso 2001, no
pet.).

We disagree that a split bond is in
conflict with articles 17.21, Tex. Code
Crim. Proc. Ann. art. 17.21 (Vernon 1977), and 17.29, Tex. Code Crim. Proc. Ann. art.
17.29(a) (Vernon Supp. 2002), as appellant contends.  Under article 17.21, the court is to
determine appropriate bail in a felony situation.  Thus, the court is given discretion in determining
the amount of bail.  See also Tex.
Code Crim. Proc. Ann. art. 17.15 (Vernon 1977 & Supp. 2002);
Ex parte Green, 940 S.W.2d 799, 801 (Tex. App.--El Paso 1997, no
pet.) (ASetting bail is within the sound
discretion of the trial court[.]@); Frontier, 64 S.W.3d at 483
(citing Green).  A split bond is
consistent with article 17.21.

Article 17.29 requires an accused to
be liberated once the required bond has been given.  We do not agree that a split bond is
inconsistent with article 17.29.








We are unpersuaded by appellant=s citation to an opinion of the
Attorney General, Op. Tex. Att=y Gen. No. JC-0215 (2000), finding that a split bond is
prohibited.  We decided cases on similar
facts in Allegheny and Frontier. 
There, as here, the sureties brought appeal of bail bond
forfeitures.  In their attempts, the
sureties cited the same Attorney General=s opinion for the proposition that
split bonds are precluded.  Allegheny,
52 S.W.3d at 900; Frontier, 64 S.W.3d at 483-84.  The attempts in those cases were
unsuccessful.  Likewise, the opinion is
unpersuasive here.

Although appellant believes that we
were mistaken in our judgment in Allegheny, we follow our decision in
that case.  We find nothing in the
provisions appellant cites that is inconsistent with allowing a split bond, and
appellant fails to cite any further reason or authority why we should overturn
our decisions in Allegheny and Frontier.  We continue to hold that split bonds are
valid, as we did in Allegheny and Frontier, Allegheny, 52
S.W.3d at 900; Frontier, 64 S.W.3d at 483-84.

We believe the court acted within its
discretion in the present case. 
Presumably, the court found it necessary to require the split bond, so
it did.  Once the split bond was given,
Ortega was released.  Appellant=s sole point of error is overruled.








Conclusion

The order was valid, and appellant is
not exonerated from liability.[3]  See Tex.
Code Crim. Proc. Ann. art. 22.13, ' 1 (Vernon 1989).  Accordingly, we affirm the judgment of the
trial court.

 

                                                                        


SUSAN
LARSEN, Justice

July 25, 2002

 

Before Panel No. 1

Larsen, McClure, and Chew,
JJ.

 

 

(Do Not Publish)

 











[1]Among
them, Ortega was not to use drugs or alcohol; he was to seek and keep
employment; he had a 10 p.m. curfew; he was to commit no offenses; he was to
report as directed; and he was not to leave El Paso County without written
consent.





[2]The
court filed an amended judgment January 18, 2001, pursuant to a motion from the
State alleging that the defendant=s
name as listed in the original judgment nisi was incorrect.  





[3]The
State argues, in the alternative, that if the court erred in setting the split
bond, Appellant waived complaint by failing to object prior to posting the
surety bond and still taking advantage of its posting.  A similar argument was made by the State in Frontier.  See 64 S.W.3d at 484 n.4.  For the reasons we set forth in Frontier,
we agree with the State.