Ruben APODACA and Christine
Apodaca, Appellants,

v.

Joe RIOS and Leslie Rios, Appellees.

No. 08–03–00523–CV.

Court of Appeals of Texas,
El Paso.

April 28, 2005.

Rehearing Overruled May 25, 2005.

Anthony C. Aguilar, El Paso, TX, for Appellants.

Woodrow Wilson Bean III, El Paso, TX, for Appellees.

Before Panel No. 4 BARAJAS, C.J., LARSEN, and McCLURE, JJ.

## OPINION

RICHARD BARAJAS, Chief Justice.

This is an appeal filed by Appellants, complaining of the trial court's entry of judgment in favor of Appellees after a bench trial. The trial court judge found in favor of Appellees and awarded money damages for a breach of contact and claims related to fraud. The trial court entered Findings of Fact and Conclusions of Law. Appellants filed a Motion for New Trial and/or Judgment N.O.V. which was denied by the trial court. This appeal follows. For the reasons stated, we affirm.

## I. SUMMARY OF THE EVIDENCE

Appellees originally sued Appellants for damages based upon a breach of contract claim arising from Appellants' failure to repay a loan in the amount of $40,000 made by Appellees. The case was tried to the judge. During the presentation of the evidence during the case-in-chief, evidence was presented by Appellees that they contend establishes the elements of fraud on the part of Appellants. Appellees moved for an oral trial amendment which was granted by the court. After the trial of the case and before judgment was entered, Appellees filed a Motion for Leave to file their First Amended Original Petition. The trial court granted the motion and the First Amended Original Petition, which included a claim for fraud, was filed shortly before the filing of the court's Judgment. The trial court entered a judgment finding that Appellees were entitled to judgment against Appellants for damages in the amount of $32,000, pre- and post-judgment interest, and costs of court. The court included a finding that Appellants were responsible for false representations constituting fraud against Appellees. The court filed minimal Findings of Fact and Conclusions of Law which essentially tracked the judgment. Appellants did not tender requested findings nor did they object to the findings as filed. Appellants timely filed a Motion for New Trial and or Judgment N.O.V.

The underlying factual basis for the claim is not disputed. Appellant Ruben Apodaca was a certified public accountant who performed accounting services for Appellees. Appellant Christine Apodaca, the wife of Ruben Apodaca, was employed by her husband's firm. Appellants provided general accounting services on a monthly

basis for Appellees and were familiar with Appellees' business. On February 22, 2002, Christine Apodaca telephoned Leslie Rios and inquired whether the Rioses wanted to loan $40,000 to an undisclosed client of the Apodacas. The Rioses prepared a check for $40,000 payable to Christine Apodaca which was endorsed by Christine Apodaca and deposited into Ruben Apodaca's account. Appellees believed that the money was a loan for one of the Appellants' clients on a short-term basis and would be repaid in one week's time. Appellant Christine Apodaca represented that a client of the Apodaca firm needed a short-term loan to cover payroll and she offered to repay the $40,000 plus an additional $15,000. In response to several questions about the specific details of the transaction, Christine Apodaca "invoke[d] the fifth" and refused to answer the question.[1] The judge informed Christine Apodaca that she would "take notice and take that into consideration." Ruben Apodaca was also questioned about the various transactions that Christine Apodaca was involved in and "invoke[d] the Marital Privilege to [not] testify against her" and refused to answer the specific questions asked.

The money originally came from a business account belonging to both Appellees. Once the money was not repaid, Appellees went to Appellants' business office and demanded repayment. Both Appellants assured Appellees that they would repay the money within a short time. Appellants presented two separate checks to Appellees as repayment of the loan, but both checks were dishonored pursuant to a "stop payment" instruction received by the issuing bank. Ultimately, Appellants made a partial payment in the amount of $8,000 paid to Appellees' attorney's trust account. Appellees filed suit for the balance.

## II. *ISSUES ON APPEAL*

On appeal, Appellants present eight issues attacking the judgment entered by the trial court awarding Appellees $32,000 in damages, pre- and post-judgment interest, and costs of court. Issue No. One complains about the timing of an oral trial amendment allowed by the court that they contend alleged a new cause of action. We read this issue as a complaint that the allowance of the amendment was an abuse of discretion. Issue Nos. Two through Five and Issue No. Seven complain of the sufficiency of the evidence to support the judgment as written. Issue No. Six appears to be a rhetorical question regarding whether the judgment as entered was based upon a breach of contract or fraud. We read this as a redundant issue attacking the judgment on the grounds of legal and factual sufficiency of the evidence. We will address Issue Nos. Two through Seven together. Issue No. Eight complains that the trial court should have entered judgment in favor of Appellants on the basis of a counterclaim for usury.

### A. Trial Amendment

█ The case was tried to the judge. During the course of the trial, Appellant Christine Apodaca was questioned by Appellees' attorney regarding the specific details of the transaction surrounding the $40,000, but refused to answer the questions propounded. Appellees' attorney requested leave of court to file an oral trial amendment regarding allegations of fraud.

---

1. Apparently, on March 1, 2004, Christine Apodaca pleaded guilty to one count of mail fraud and was sentenced to serve fifty-four months in a federal penitentiary related to allegations of a "ponzi" type scheme that resulted in the loss of almost three hundred thousand dollars by various individuals.

Appellants' attorney objected and requested a recess. The trial court granted the oral trial amendment and denied the recess. After the conclusion of the trial but before judgment had been entered, Appellees filed a Motion for Leave to File First Amended Pleading. The court signed an Order granting same and they filed their First Amended Original Petition on September 26, 2003, immediately before the Judgment was filed.

Rule 66 of the Texas Rules of Civil Procedure governs the procedure at issue in the present case:

> [I]f during the trial any defect, fault or omission in a pleading, either of form or substance, is called to the attention of the court, the court may allow the pleadings to be amended and shall do so freely when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the allowance of such amendment would prejudice him in maintaining his action or defense upon the merits. The court may grant a postponement to enable the objecting party to meet such evidence. Tex.R. Civ. P. 66.

The standards for reviewing the grant of a trial amendment and denial of a motion for continuance are well established: The decision of the trial court may not be overturned on appeal except on a showing of abuse of discretion. *Celotex Corp., Inc. v. Gracy Meadow Owners Ass'n, Inc.,* 847 S.W.2d 384, 387 (Tex.App.-Austin 1993, writ denied); *see Missouri–Kansas–Texas R.R. v. Alvarez,* 703 S.W.2d 367, 370 (Tex. App.-Austin 1986, writ ref'd n.r.e.) (trial amendment). A court abuses its discretion when it makes a decision without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex.1985). In other words, if the trial court's action was arbi-

trary and unreasonable, such action constitutes an abuse of discretion. However, the mere fact that the trial judge decided the matter differently than an appellate court would have does not demonstrate an abuse of discretion. *Celotex Corp.,* 847 S.W.2d at 387; *Downer,* 701 S.W.2d at 242.

■ We agree with Appellants that a trial amendment that is prejudicial must have three defining characteristics. First, the pleading must assert a new matter into the proceedings that changes the nature of the trial itself. Second, the amendment is of the type that it could not have been anticipated by the opposing party. Third, the allowance of the trial amendment must not detrimentally affect the opposing party's case. *See Celotex Corp.,* 847 S.W.2d at 387–88; *Allegheny Cas. Co. v. State,* 52 S.W.3d 894, 898 (Tex.App.-El Paso 2001, no pet.).

The trial court has authority to permit pretrial amendments pursuant to Tex.R. Civ. P. 63, but can only deny a request if there is a showing that the amendment would operate as a surprise to the opposite party. Tex.R. Civ. P. 63; *Allegheny Cas. Co.,* 52 S.W.3d at 898; *Smith Detective Agency & Nightwatch Serv., Inc. v. Stanley Smith Sec., Inc.,* 938 S.W.2d 743, 747–48 (Tex.App.-Dallas 1996, writ denied). A trial court may also allow a trial amendment absent a showing that the amendment would prejudice the defense. Tex.R. Civ. P. 66; *Allegheny Cas. Co.,* 52 S.W.3d at 898; *Smith,* 938 S.W.2d at 748.

■ Thus, the opposing party must show "prejudice" before the trial court may deny the amendment. *Allegheny Cas. Co.,* 52 S.W.3d at 898; *Smith,* 938 S.W.2d at 748. Only upon a showing of abuse of discretion will the trial court's ruling be overturned. *Allegheny Cas. Co.,* 52 S.W.3d at 898; *Ohio Med. Prod., Inc. v.*

*Suber,* 758 S.W.2d 870, 872 (Tex.App.-Houston [14th Dist.] 1988, writ denied).

We do not agree that Appellants have met their burden on any of the elements. It is difficult to discern how Appellants could claim that Appellees' allegation of fraud changed the nature of the trial, was unexpected, or detrimentally affected their case. Appellants were sued for their conduct related to the $40,000 that was obtained from Appellees under questionable circumstances and not repaid. Nothing that they have presented suggests that they should have been surprised by Appellees' claims of fraud. Nothing that they presented suggests that they were in any way prejudiced by the trial court's ruling. In fact, Appellants appeared reluctant to provide any testimony as explanation for the transaction due to the criminal charges pending against Christine Apodaca. Both the claims of the "fifth amendment" and "marital privilege" confirm that Appellants understood that magnitude of the claims being pursued against them. The fact that their trial attorney claims he was surprised does not make it so. We overrule Appellants' Issue No. One.

## B. Factual and Legal Sufficiency of the Evidence

In a bench trial, factual and legal sufficiency challenges to the trial court's findings of fact are reviewable under the same standards that are applied in reviewing evidence supporting a jury's verdict. *Catalina v. Blasdel,* 881 S.W.2d 295, 297 (Tex.1994). We review a trial court's conclusions of law *de novo. Austin Hardwoods, Inc. v. Vanden Berghe,* 917 S.W.2d 320, 322 (Tex.App.-El Paso 1995, writ denied).

In Issue Nos. Two through Five and Seven, Appellants allege that there is insufficient evidence to support a fraud judgment against each Appellant verses each Appellee and that there is insufficient evidence to support a finding that Ruben Apodaca "breached any contract or that he was a party to the contract." Issue No. Six does not present a question for review nor complain of error by the trial court. It merely asks the question of whether the judgment as entered was for breach of contract or fraud.

Because these issues are presented as a hybrid of various issues with multiple complaints about the ruling, we read this as a "no evidence" or legal insufficiency point of error challenging the legal sufficiency of the evidence as a matter of law or alternatively, as a challenge to the factual sufficiency of the evidence.

### 1. Standard of Review

A "no evidence" or legal insufficiency point is a question of law which challenges the legal sufficiency of the evidence to support a particular fact finding. There are two separate "no evidence" claims. When the party having the burden of proof suffers an unfavorable finding, the point of error challenging the legal sufficiency of the evidence should be that the fact or issue was established as "a matter of law." When the party without the burden of proof suffers an unfavorable finding, the challenge on appeal is one of "no evidence to support the finding." *In re Estate of Livingston,* 999 S.W.2d 874, 879 (Tex.App.-El Paso 1999, no pet.); *see Creative Manufacturing, Inc. v. Unik, Inc.,* 726 S.W.2d 207, 210 (Tex.App.-Fort Worth 1987, writ ref'd n.r.e.).

An "insufficiency" point invokes a broader standard, requiring this Court to consider all of the evidence and ascertain whether the evidence supporting the finding is so weak, or the evidence to the contrary so overwhelming, that the finding should be set aside and a new trial or-

dered. *Garza v. Alviar,* 395 S.W.2d 821, 823 (Tex.1965).

■ When attacking the legal sufficiency of the evidence to support an adverse finding on an issue for which he had the burden of proof, i.e., challenging the trial court's finding as a matter of law, the appellant must demonstrate on appeal that the evidence conclusively established all the vital facts in support of the issue. *In re Estate of Livingston,* 999 S.W.2d at 879; *Sterner v. Marathon Oil Company,* 767 S.W.2d 686, 690 (Tex.1989); *Kratz v. Exxon Corp.,* 890 S.W.2d 899, 902 (Tex.App.-El Paso 1994, no writ); *Chandler v. Chandler,* 842 S.W.2d 829, 832 (Tex.App.-El Paso 1992, writ denied). A party attempting to overcome an adverse fact finding as a matter of law must surmount two hurdles. *In re Estate of Livingston,* 999 S.W.2d at 879; *Sterner,* 767 S.W.2d at 690. First, the record must be examined for evidence that supports the finding, while ignoring all evidence to the contrary. *In re Estate of Livingston,* 999 S.W.2d at 879; *Sterner,* 767 S.W.2d at 690; *Kratz,* 890 S.W.2d at 902. Second, if there is no evidence to support the finding, then the entire record must be examined to see if the contrary proposition is established as a matter of law. *In re Estate of Livingston,* 999 S.W.2d at 879; *Sterner,* 767 S.W.2d at 690; *Kratz,* 890 S.W.2d at 902. Only if the contrary position is conclusively established will the point of error be sustained. *In re Estate of Livingston,* 999 S.W.2d at 879–80; *Kratz,* 890 S.W.2d at 902; *Chandler,* 842 S.W.2d at 832.

■■ In reviewing a factual sufficiency point of error, the appeals court must weigh all of the evidence in the record. *Ortiz v. Jones,* 917 S.W.2d 770, 772 (Tex. 1996). Findings of fact may be overturned only if they are so against the great weight and preponderance of the evidence as to be clearly wrong and unjust. *Id.* In that

event, the appeals court must state clearly why the finding is factually insufficient or so against the great weight and preponderance as to be manifestly unjust. *Id.*

■ When a party appeals from a nonjury trial, it must complain of specific findings and conclusions of the trial court, because a general complaint against the trial court's judgment does not present a justiciable question. *Fiduciary Mortgage Co. v. City Nat'l Bank,* 762 S.W.2d 196, 204 (Tex.App.-Dallas 1988, writ denied). Accordingly, findings of fact and conclusions of law are mandatory for a party to file to avoid the onerous presumptions that apply in an appeal from a nonjury trial. When an appellant does not request or file findings and conclusions by the trial court, the appellate court presumes the trial court found all fact questions in support of its judgment, and the reviewing court must affirm that judgment on any legal theory finding support in the pleadings and evidence. *Point Lookout West, Inc. v. Whorton,* 742 S.W.2d 277, 278 (Tex.1987).

■ If the appellant does not challenge the trial court's findings of fact, when filed, these facts are binding upon both the party and the appellate court. *Wade v. Anderson,* 602 S.W.2d 347, 349 (Tex.Civ. App.-Beaumont 1980, writ ref'd n.r.e.). Accordingly, it is incumbent for the appellant to attack the findings by appropriate legal and factual sufficiency points of error. *Lovejoy v. Lillie,* 569 S.W.2d 501, 504 (Tex.Civ.App.-Tyler 1978, writ ref'd n.r.e.). In an appeal of a nonjury trial, findings are specifically and meaningfully tied to appropriate standards of appellate review and are therefore truly beneficial to appellate review. *See Chrysler Corp. v. Blackmon,* 841 S.W.2d 844, 853 (Tex.1992).

**2. Discussion**

■ As noted above, Appellants have presented six issues challenging the trial

court's specific findings with regard to the obligations owed by Appellees to Appellants in connection with the $40,000 transaction. We note that Appellants did not file requested findings of fact or conclusions of law. Appellants appear to be challenging the judgment as a whole and assert that the evidence does not support a finding for fraud or breach of contract. They do not attack specific findings nor complain of specific legal or factual deficiencies of the findings as filed. The individual Findings of Fact and Conclusions of Law are not addressed. Instead, the Appellants challenge the Findings of Fact and Conclusions of Law in five issues which consolidate their complaints about the trial court's actions, generally asking whether there is sufficient evidence to support the judgment against each individual Appellant as regards each Appellee. As stated previously, the sixth issue does not claim error.

■ Notwithstanding the shortcomings of these issues, we have reviewed the entire reporter's record and find there was ample evidence to support the court's judgment and the findings of fact are not against the great weight and preponderance of the evidence. Findings of fact entered in a case tried to the court are of the same force and dignity as a jury's verdict upon special issues. *City of Clute v. City of Lake Jackson*, 559 S.W.2d 391, 395 (Tex.Civ.App.-Houston [14th Dist.] 1977, writ ref'd n.r.e.). The trial court's findings of fact are reviewable for legal and factual sufficiency of the evidence to support them, *First Nat. Bank in Dallas v. Kinabrew*, 589 S.W.2d 137, 146 (Tex.Civ. App.-Tyler 1979, writ ref'd n.r.e.), by the same standards as are applied in reviewing the legal or factual sufficiency of the evidence supporting a jury's answer to a special issue. *Okon v. Levy*, 612 S.W.2d 938,

941 (Tex.Civ.App.-Dallas 1981, writ ref'd n.r.e.).

■ We do not have to give details of supporting evidence when upholding factual sufficiency of the evidence underlying the trial court's judgment. *Zeptner v. Zeptner*, 111 S.W.3d 727, 735 (Tex.App.- Fort Worth 2003, no pet.); *see Ellis County State Bank v. Keever*, 888 S.W.2d 790, 794 (Tex.1994).

We have discerned however, that the appellate record establishes that the court heard ample evidence about the relationship among the parties to support its findings. The record established that Ruben and Christine Apodaca were operating out of one location and exploited the business relationship that Appellees had developed with the Apodacas by asking for and obtaining a loan of $40,000. The money was obtained from the Appellees and placed into Appellant Ruben Apodaca's checking account. Though he testified that he did not know about the deposit of the money into his business account, this testimony was free to be disregarded by the finder of fact. Both Appellants discussed the financial obligation created by the $40,000 with both Appellees. It is clear that the trial court believed that Appellants were equally responsible for the obligation and entered judgment accordingly. We note that neither the judgment nor the findings are specific as to the basis for the award of the judgment. In light of the failure to request such findings on the part of Appellants, however, we hold that they are sufficient to support the judgment under either theory.

The court heard evidence regarding the transaction from all the parties. We believe there was ample evidence presented to support the critical findings made by the trial court with regard to the claims asserted by Appellees. The trial court was free to evaluate the credibility of each

witness and resolve conflicting testimony as the court determined to be appropriate. Specifically, the trial court found that Appellees should "have judgment against Ruben Apodaca and Christine Apodaca, jointly and severally, in the amount of $32,000.00" and that "after hearing all testimony that the Plaintiffs established that Ruben Adodaca [sic] and Christine Apodaca, jointly and severally, were responsible for false representations constituting fraud and all elements have been met." Such findings support a claim for damages as asserted by Appellees and further, are supported by the record.

We also note that Appellants did not object to the findings of fact as filed nor inform the court of the alleged error in the findings. Further, Appellants did not file requested findings of fact or conclusions of law. A party has an obligation to point out deficiencies in the filed findings of fact or conclusions of law or any complaints regarding same are waived. Because Appellants did not do so, and because there is ample evidence to support the trial court's findings, we hold that Appellants' Issue Nos. Two through Seven are overruled.

### 3. Usury

Issue No. Eight complains that the trial court erred in not entering a judgment in favor of Appellants based on their "counterclaim" for usury. We agree with Appellees that asserting a claim of usury as a matter of avoidance should be pleaded as an affirmative defense. Tex.R. Civ. P. 94. We also agree that in order to assert a claim that a contract sued upon is usurious, Appellants were required to file a verified pleading. Tex.R. Civ. P. 93(11). No such pleadings were filed. Appellants filed a general denial with no affirmative defenses plead.

We also agree with Appellees that Appellants cannot now complain on appeal

of a non-finding by the trial court regarding any issue of usury when no findings of fact or conclusions of law on the matter were requested or proposed. *See Wade*, 602 S.W.2d at 349. We overrule Issue No. Eight.

Having overruled all of Appellants' issues on appeal, we affirm the judgment of the trial court in its entirety.

LARSEN, J., not participating.