In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-07-00036-CV


______________________________







IN THE INTEREST OF Y.L.C., A MINOR CHILD







 


On Appeal from the 354th Judicial District Court


 Hunt County, Texas


Trial Court No. 62078




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Chief Justice Morriss



MEMORANDUM OPINION


 Before January 29, 2007, Y.L.C.'s joint managing conservators were Debbie Truss (Y.L.C.'s
maternal grandmother) and Truss' husband, William Godfrey; joint possessory conservators were
Y.L.C.'s parents, Linda Ivie and Derick Clark. On that date, in an order agreed to by Ivie and
Truss--but not Clark--Ivie was appointed Y.L.C.'s sole managing conservator.

 The order found that Clark had made a general appearance in the suit but had defaulted by
not appearing at trial. (1) The order also recited that a record of testimony was reported by a court
reporter. While we have a clerk's record, no reporter's record has been filed with this Court. Clark,
pro se, appeals.

 We affirm the trial court's order because we hold that (1) refusing to appoint counsel for
Clark was not an abuse of discretion, (2) overruling Clark's motion for continuance was not an abuse
of discretion, (3) without a reporter's record, we must assume the evidence supports the trial court's
order, (4) Clark's generic assertion that the trial court failed to "properly file" his motions and letters
does not adequately present any issue for appellate review, and (5) Clark's generic assertion that the
trial court erred in not enforcing prior orders does not adequately present any issue for appellate
review.

(1) Refusing to Appoint Counsel for Clark Was Not an Abuse of Discretion

 On appeal, Clark asserts that, because he was indigent, the trial court was obligated to
appoint counsel to represent him in this matter. (2) We disagree.

 We review the trial court's failure to appoint trial counsel in a civil case for an abuse of
discretion under Section 24.016 of the Texas Government Code. See Gibson v. Tolbert, 102 S.W.3d
710, 712 (Tex. 2003).

 While statutory authority allows a district judge to appoint counsel for indigent litigants,
generally, (3) a civil litigant has no general constitutional right to appointed counsel. (4) See Sandoval
v. Rattikin, 395 S.W.2d 889, 893-94 (Tex. Civ. App.--Corpus Christi 1965, writ ref'd n.r.e.).

 In some exceptional cases, the public and private interests at stake are such that the
administration of justice may best be served by appointing a lawyer to represent an indigent civil
litigant. Travelers Indem. Co. of Conn. v. Mayfield, 923 S.W.2d 590, 594 (Tex. 1996). However,
as the court applied the review standard in Gibson, the existence of extraordinary circumstances
required to authorize such appointment is a fact-based question that is best answered in connection
with each specific case. (5) On this record, we cannot conclude that this, a child custody determination,
is so extraordinary that it requires the appointment of counsel or that the trial court abused its
discretion by failing to make such an appointment.

 We overrule this contention of error.

(2) Overruling Clark's Motion for Continuance Was Not an Abuse of Discretion

 Clark also contends the trial court erred by not granting his motion for continuance. He does
not specify the document to which he refers, though there are a few candidates. In a letter to the trial
court filed September 19, 2005, Clark refers to a letter to the attorney general requesting a
continuance. There is a motion to continue the case in order to appoint a guardian ad litem for
Y.L.C. A fax was transmitted and filed January 29, 2007, in which Clark stated he was unable to
appear in court on that day.

 None of those documents could be clearly considered as a motion to continue the case. Thus,
the trial court could not err by failing to do so. Even if there were such a motion, we review the
denial of a motion for continuance for an abuse of discretion. Apodaca v. Rios, 163 S.W.3d 297, 301
(Tex. App.--El Paso 2005, no pet.). A trial court abuses its discretion when it makes a decision
without reference to any guiding rules or principles. Downer v. Aquamarine Operators, Inc., 701
S.W.2d 238, 241-42 (Tex. 1985). A motion for continuance must be in writing, state the specific
facts supporting the motion, and be verified or supported by an affidavit. See Tex. R. Civ. P. 251;
Blake v. Lewis, 886 S.W.2d 404, 409 (Tex. App.--Houston [1st Dist.] 1994, no writ). None of the
documents that have any possible relationship to a continuance are either verified or supported by
affidavit--thus, the trial court did not abuse its discretion by failing to continue the case. See
Serrano  v.  Ryan's  Crossing  Apartments,  No.  08-05-00325-CV,  2007  WL  1575527  (Tex.
App.--El Paso May 31, 2007, no pet.); Sw. Country Enters., Inc. v. Lucky Lady Oil Co., 991 S.W.2d
490, 493 (Tex. App.--Fort Worth 1999, pet. denied).

 We overrule this contention of error.

(3) Without a Reporter's Record, We Must Assume the Evidence Supports the Trial Court's Order

 Clark also complains generally and briefly about the evidence. He states that the trial court's
finding that he had a pattern of neglecting Y.L.C. was not supported by credible evidence and that
other evidence shows lack of fitness on the part of Ivie. Clark's short ensuing argument centers
entirely on Ivie's asserted lack of fitness.

 Clark, as appellant, has the burden to provide us a record sufficient to show the asserted error. 
See Johnson v. Walker, 824 S.W.2d 184, 186 (Tex. App.--Fort Worth 1991, writ denied).

"[W]hen an appellant fails to bring a reporter's record, an appellate court must presume the evidence
presented was sufficient to support the trial court's order." Willms v. Americas Tire Co., 190 S.W.3d
796, 803 (Tex. App.--Dallas 2006, pet. denied). When we have no reporter's record and no findings
of fact, we assume that the evidence supports the judgment. Vickery v. Comm'n for Lawyer
Discipline, 5 S.W.3d 241, 251 (Tex. App.--Houston [14th Dist.] 1999, pet. denied); see Sixth RMA
Partners v. Sibley, 111 S.W.3d 46, 52 (Tex. 2003). As Clark did not arrange to provide a reporter's
record, we must assume that the evidence is sufficient to support the judgment.

 We overrule this contention of error.

(4) Clark's Generic Assertion that the Trial Court Failed to "Properly File" His Motions and Letters Does Not Adequately Present Any Issue for Appellate Review

 Clark also contends that the court erred by not accepting his "motions" and "letters" to be
properly "filed" so as to be heard and ruled on. There are a substantial number of letters and
apparent motions from Clark that are contained within the official record of the case. To be in the
clerk's record on appeal, the documents must have been filed. Clark points to no specific motion or
ruling that was not filed in the trial court. Thus, he has not shown error.

 It is not the proper job of this Court to create arguments for an appellant. We are restricted
to addressing the arguments actually raised, not those that might have been raised. Garcia v.
Robinson, 817 S.W.2d 59 (Tex. 1991). When the appellant does not provide us with argument that
is sufficient to make an appellate complaint viable, we ordinarily are not called on to perform an
independent review of the record and applicable law in order to determine whether the error
complained of occurred. Ferguson v. DRG/Colony N., Ltd., 764 S.W.2d 874, 887 (Tex.
App.--Austin 1989, writ denied); Most Worshipful Prince Hall Grand Lodge v. Jackson, 732
S.W.2d 407, 412 (Tex. App.--Dallas 1987, writ ref'd n.r.e.). We will not do the job of the advocate. 
Maranatha Temple, Inc. v. Enter. Prods. Co., 893 S.W.2d 92, 106 (Tex. App.--Houston [1st Dist.]
1994, writ denied); Jackson, 732 S.W.2d at 412.

 We overrule this contention of error.

(5) Clark's Generic Assertion that the Trial Court Erred in Not Enforcing Prior Orders Does Not Adequately Present Any Issue for Appellate Review

 Clark also contends that the court erred by not enforcing previous rulings in which Ivie was
to have completed a parenting program that was required by the court May 17, 2000. The court's
docket sheet states that temporary orders were entered on that date, but Clark has directed us to no
provision of any relevant order in the record, nor has he shown us any effort to enforce any such
ruling, or that, if such a ruling existed, Ivie did not comply with its terms. Clark has not shown error.

 We overrule this contention of error.

 We affirm the trial court's order.


 Josh R. Morriss, III

 Chief Justice


Date Submitted: August 9, 2007

Date Decided: August 24, 2007
1. The motion on which this order rests was filed March 9, 2005. Clark promptly responded
and repeatedly contacted the trial court in writing, but did not appear before the court January 29,
2007, the date of the hearing on the motion. The record reflects that Clark was properly notified and
that he filed an additional document with the trial court on that date. Notice of the hearing was sent
October 19, 2006, and was received by Clark October 23.
2. Clark, in his pro-se brief, has not provided extensive citation either to the record or to
controlling law--but did set out his arguments in an understandable fashion. Appellee's counsel, 
in a two-page brief, provided no citation to any authority whatsoever, and responded only to one of
five issues set out by Clark.
3. "A district judge may appoint counsel to attend to the cause of a party who makes an
affidavit that he is too poor to employ counsel to attend to the cause." Tex. Gov't Code Ann.
§ 24.016 (Vernon 2004); see Gibson, 102 S.W.3d at 712; Ex parte Munoz, 139 S.W.3d 349, 352
(Tex. App.--San Antonio 2004, no pet.).
4. We recognize exceptions to that general rule in cases involving the termination of parental
rights, see Tex. Fam. Code Ann. § 107.013 (Vernon Supp. 2006); juvenile delinquency, Tex. Fam.
Code Ann. § 51.10 (Vernon Supp. 2006); and court-ordered mental health services, Tex. Health
& Safety Code Ann. § 574.003 (Vernon 2003). None of those situations are implicated in this
case.
5. The exceptional-circumstances concept is generally mentioned, but the Texas Supreme
Court declined to expressly hold that exceptional circumstances was the proper boundary for the
court's discretion. See Gibson, 102 S.W.3d at 713. We have found no case--and Clark suggests
none--finding an exceptional circumstance which would trigger a duty to appoint counsel in a civil
case, other than the recognized constitution-based cases: termination of parental rights, juvenile
delinquency, and court-ordered mental health services.