Berry H. EDWARDS, Trustee and
Dr. Truett L. Maddox, D.D.S.,
Appellants,

v.

MESA HILLS MALL COMPANY LIMITED PARTNERSHIP, a Texas Limited Partnership, Melvin Simon and Herbert Simon, General Partners, and Individually, and Simon Property Group (Texas), L.P., a Texas Limited Partnership, and Melvin Simon and Associates, Inc., an Indiana Corporation, Appellees.

No. 08–04–00254–CV.

Court of Appeals of Texas,
El Paso.

Jan. 26, 2006.

Berry H. Edwards, Anthony, TX, pro se.

Francis Ainsa, El Paso, TX, for appellant.

Karen L. Landinger, Ray, Valdez, McChristian & Jeans, P.C., El Paso, TX, Roger Townsend, Jones & Townsend LLP, Houston, TX, for Appellees.

Before BARAJAS, C.J., McCLURE, and CHEW, JJ.

## *OPINION*

RICHARD BARAJAS, Chief Justice.

This is an appeal from an order granting summary judgment in favor of Appellees, Mesa Hills Mall Company Limited Partnership, a Texas limited partnership, Melvin Simon and Herbert Simon, general partners, and individually, and Simon Property Group (Texas), L.P., a Texas limited partnership, and Melvin Simon and Associates, Inc., an Indiana corporation. On appeal, Appellants raise three issues for review. In Issue One, Appellants challenge the granting of the motion for summary judgment on the constitutional takings causes of action. In Issue Two, Appellants challenge the granting of the motion on the basis of Appellees' affirmative defense based on the statute of limitations. In Issue Three, Appellants challenge the granting of the summary judgment motion on grounds dealing with liability. We affirm the judgment of the trial court.

## I. *FACTUAL AND PROCEDURAL BACKGROUND*

This case has a long procedural and factual history stemming from actions dating back to 1972. For the purposes of this appeal, we provide only the necessary and relevant information to resolve the issues before the Court on this appeal. We begin with a brief summary of the facts leading up to this appeal.

In 1972, the City of El Paso ("El Paso"), (acting through its Public Service Board) sold the following tracts of land to Laurence M. Bower: a .257 acre portion of a lot labeled "Perez 157;" a 12.346 acre portion of "Chadwick 253;" and a 3.395 acre portion of "W.C. Morgan Survey No. 237." Mr. Bower then deeded the property to Dr. Truett L. Maddox and Fertel.[1] In 1979, Dr. Maddox also acquired a 2.147 acre parcel of land which is located north of the surplus property. The surplus property and the 2.147 acres acquired in 1979 were "landlocked," (i.e. neither property had access to a public road). The property north of the 2.147 acres acquired by Dr. Maddox is called Park West Unit 3. That property was originally acquired by Mesa Hills Mall Company, Simon Property Group's predecessor in title, in 1976.

In 1978, Appellees presented a proposed plat for the development of Park West Unit 3. The plat did not include public streets to Appellants' property. In 1987, the plat filed by Appellees was recorded. In 1990, Dr. Maddox proposed a plat for the development of their landlocked acres, including a proposal to connect Mesa Hills Drive through a public street running through Park West Unit 3. In 1992, Appellants demanded Appellees grant them access to Mesa Hills Drive through Park West Unit 3. They requested for the City of El Paso to force Appellees to submit a new plat to conform with providing them access to their property. In 1992, Appellants filed their original petition alleging that the City of El Paso had taken their property without paying just compensation. In April of 1995, they added Mesa

---

**1.** At some point, Fertel, who is not a party in this suit, deeded his interest in the property to Dr. Maddox. In 1979, shortly after Dr. Maddox acquired an additional 2.147 acres located just north of the initially acquired property, Dr. Maddox conveyed a 35 percent interest in the property to Plaintiff Salome, a trustee.

Hills Mall Co., limited partnership and Simon Property Group. In July of 1996, the City of El Paso and Mesa Hills filed motions for summary judgment. In September 1998, the trial court granted and this Court reversed that decision in June of 2000.[2] In 1998, Melvin and Herbert Simon, as general partners of the two partnerships were added to the suit. In 2001, the Simons in their individual capacities were added, and finally in 2002, Melvin Simon and Associates, Inc. was added to the suit.

In a third motion for summary judgment filed on July 23, 2003, Appellees moved for summary judgment on several grounds, including: (1) Appellants' failure to re-plead their causes of action as ordered by the trial court; (2) lack of evidence to support Appellants' causes of action; and (3) on grounds that the summary judgment evidence negated Appellants' causes of action as a matter of law. Under this third general reason, Appellees argue that the statute of limitations barred Appellants' cause of action of fraud. Without specifying the grounds, the trial court granted Appellees' motion for summary judgment and dismissed Appellants' claims against Appellees. Thereafter, the trial court signed an order severing the Appellants' claims against the City of El Paso. This appeal follows.

## II. *DISCUSSION*

 To prevail on a traditional motion for summary judgment, a movant must establish that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. TEX.R. CIV. P. 166a(c). A defendant who conclusively negates at least one of the essential elements of each of the plaintiff's causes of action or who conclusively estab-

lishes all of the elements of an affirmative defense is entitled to summary judgment. *Cathey v. Booth,* 900 S.W.2d 339, 341 (Tex. 1995) (per curiam). We assume all the evidence favorable to the non-movant is true, indulge every reasonable inference in favor of the non-movant, and resolve any doubts in favor of the non-movant. *Ernst & Young, L.L.P. v. Pacific Mut. Life Ins. Co.,* 51 S.W.3d 573, 577 (Tex.2001). When the defendant is the movant and submits summary evidence disproving at least one essential element of each of the plaintiff's causes of action, then summary judgment should be granted. *Lear Siegler, Inc. v. Perez,* 819 S.W.2d 470, 471 (Tex.1991); *Borrego v. City of El Paso,* 964 S.W.2d 954, 956–58 (Tex.App.-El Paso 1998, pet. denied). As in this case, where the trial court's order granting summary judgment does not specify the grounds relied for its ruling, summary judgment will be affirmed on appeal if any of the theories advanced are meritorious. *Dow Chemical Co. v. Francis,* 46 S.W.3d 237, 242 (Tex.2001) (per curiam). A defendant is entitled to summary judgment on the affirmative defense of limitations if, by presenting summary judgment evidence, he conclusively proves all the elements of the affirmative defense as a matter of law. *Pustejovsky v. Rapid–American, Corp.,* 35 S.W.3d 643, 646 (Tex.2000). This includes conclusively proving when the cause of action accrued. *KPMG Peat Marwick v. Harrison County Hous. Fin. Corp.,* 988 S.W.2d 746, 748 (Tex.1999). If the movant establishes that the statute of limitations bars the action, the non-movant must then adduce summary judgment proof raising a fact issue in avoidance of the statute of limitations. *Id.* A cause of action generally accrues when an injury results from a wrongful act, regardless of when the plaintiff learns of his

---

**2.** The opinion for that decision can be found at *Maddox v. City of El Paso,* No. 08–98– 00409–CV, 2000 WL 799070 (Tex.App.-El Paso June 22, 2000, pet. denied).

injury. *Childs v. Haussecker*, 974 S.W.2d 31, 36 (Tex.1998). When a plaintiff knew or should have known of an injury is generally a question of fact. *Houston Endowment, Inc. v. Atlantic Richfield Co.*, 972 S.W.2d 156, 160 (Tex.App.-Houston [14th Dist.] 1998, no pet.). However, if reasonable minds could not differ about the conclusion to be drawn from the facts in the record, then the start of the limitations period may be determined as a matter of law. *Childs*, 974 S.W.2d at 44; *see Wheeler v. Methodist Hosp.*, 95 S.W.3d 628, 639–40 (Tex.App.-Houston [1st Dist.] 2002, no pet.).

In Issue One, Appellants contend that the trial court erred in granting summary judgment in favor of Appellees with regard to the constitutional takings causes of action.

Appellants did not plead that Appellees were a governmental unity. Furthermore, as was represented by Appellants' attorney at oral argument, it is not contested that standing by themselves, the Appellees in this case are not a governmental entity. However, the Appellants argue that Appellees are jointly liable with the City for such taking. In their brief, Appellants argue the following:

> There is no exemption from joint tort liability for third parties aiding and abetting, directing and/or participating in a taking. Plaintiffs' allegations and evidence of fraud, fraudulent concealment, aiding and abetting, participating, and/or directing by Simons constitute the factual bases for the Simons' wrongful taking of Plaintiffs' right of access.

We begin with addressing the limitations argument with respect to the takings issues. The Appellants have alleged a claim for temporary and permanent intentional taking under Article I, sections 17 and 19 of the Texas Constitution and under the Fifth and Fourteenth Amendments to the U.S. Constitutions. The Fifth Amendment to the United States Constitution provides that private property shall not be taken for public use without just compensation. U.S. CONST. amend V. The provision is applicable to the states under the due process clause of the Fourteenth Amendment. The Texas Constitution also contains a "takings clause," which provides in part that "[n]o person's property shall be taken, damaged or destroyed for or applied to public use without adequate compensation being made, unless by the consent of such person...." TEX. CONST. art. I, § 17.

To establish standing in order to sue under Article I, section 17 of the Texas Constitution, Appellant was required to show the State's action resulted in a "taking" of vested property rights. *City of Houston v. Northwood Mun. Util. Dist. No. 1*, 73 S.W.3d 304, 309 (Tex.App.-Houston [1st Dist.] 2001, pet. denied). As is reflected in Appellees' response, "Mesa Hills is not the government" and as such, without a showing of State action, the takings claims fail. Issue One is overruled.

In Issue Two, Appellants challenge the trial court's order granting summary judgment in favor of Appellees on the affirmative defenses of limitations as raised in Appellees' motion. Appellants challenge the limitations defense in three parts. First, Appellants contend that as asserted by Appellees in their motion, there is no applicable two-year statute of limitations for conspiracy because Appellants did not plead conspiracy. Further, Appellants contend that there is no statute of limitations for aiding and abetting. Instead, Appellants assert aiding and abetting a taking of real property is governed by the underlying ten-year statute of limitations for taking. Second, Appellants assert that Appellees have failed to properly plead their statute of limitations defense in their answer and they have not conclusively

proved each element of such defense in their summary judgment motion or argument. Finally, Appellants contend that their knowledge of the landlocked status of their property is irrelevant. Appellants contend that a regulatory takings cause of action is governed by a ten-year statute of limitations. Appellants argue that because there is no independent cause of action for aiding and abetting, the statute of limitations for the underlying tort, inverse condemnation, governs. Furthermore, Appellants contend that the statute of limitations for their takings cause of action began to run on August 2, 1992, when the City of El Paso adopted the amendment to the Subdivision Ordinance and retroactively applied it to the plat of Park West Unit 3. Having found that there is no State action to uphold Appellants' takings claims, we do not address the statute of limitations arguments with respect to the takings cause of action.

Appellants' fraud cause of action is governed by section 16.004 of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 16.004(a)(4) (Vernon 2002). Section 16.004(a)(4) provides that a suit for fraud must be brought within four years after the day the cause of action accrues. *Id.; see Shannon v. Law–Yone*, 950 S.W.2d 429, 433 (Tex.App.-Fort Worth 1997, pet. denied).

■ Appellees contend that Appellants causes of action accrued, at the latest, in February 1987 when the Sunland Park Mall plat was finally accepting for filing. Included as summary judgment evidence is a deposition of Dr. Maddox in which he testified that in August of 1988, he knew the plat had been filed. Additionally, there was a memo from Mike Ridley to Frank Ainsa, Dr. Maddox's attorney dated January 4, 1991, which states the following:

In latter part of 1986 I became aware that the Sunland Mall plat made no provision for access to the Maddox property and notified Dr. Maddox of this fact. Mr. Edwards' deposition also makes clear that as of August 1988, they were aware that they did not have access to their property and that such access had not been granted in the platting process by the City of El Paso.

With the evidence presented, we conclude that reasonable minds could not differ about the conclusion to be drawn from the facts in the record: Appellants knew about the lack of access to their property in August of 1988 and yet did not bring suit against Appellees until 1995 and added Melvin Simon and Herbert Simon as general partners and associates until 1998. Therefore, Appellants' causes of action based on fraud are barred by the statute of limitations. Issue Two is therefore overruled.

Having overruled Appellants' Issues One and Two, we find we need not address Appellants' Issue Three.

We affirm the judgment of the trial court.