**Rosa SERRANO, Appellant,**

v.

**RYAN'S CROSSING APARTMENTS, Appellee.**

**No. 08–05–00325–CV.**

Court of Appeals of Texas, El Paso.

May 31, 2007.

Rosa Serrano, Santa Teresa, pro se.

Angela Morrow Nickey, Robles, Bracken, Coffman & Hughes, LLP, El Paso, for Appellee.

Before CHEW, C.J., McCLURE, and CARR, JJ.

## OPINION

ANN CRAWFORD McCLURE, Justice.

Rosa Serrano appeals from a summary judgment entered below and complains of the denial of her motion for continuance. For the reasons that follow, we affirm.

## FACTUAL SUMMARY

Serrano, appearing *pro se,* filed suit on December 15, 2004 against Ryan's Crossing Apartments; the law firm of Mounce, Green, Myers, & Safi; and Procollect, Inc., for slander and intentional infliction of emotional distress. Serrano's suit stems from a rental dispute with Ryan's Crossing which we have previously considered in connection with a forcible entry and detainer action. *See Serrano v. Ryan's Crossing Apartments,* 2004 WL 2634293 at *1 (Tex.App.-El Paso Nov. 18, 2004, pet. dism'd w.o.j)(mem. op. not designated for publication).

On May 23, 2005, Serrano amended her petition to add causes of action for false imprisonment and wrongful eviction. She also added as defendants County Attorneys Kent Sutton and Javier [sic] Salcido, Judge Alejandro Gonzalez, Baliff Gonzalo Garcia (the El Paso County Defendants); and the office of the Texas Attorney General. In separate orders, the trial court dismissed with prejudice Serrano's claims against ProCollect and the Attorney General, and granted pleas to the jurisdiction filed by Judge Gonzalez, Sutton, Saucedo, and Garcia.

Ryan's Crossing filed both a traditional and a no-evidence motion for summary judgment. The traditional motion alleged that Serrano's slander claims were barred by limitations. The no-evidence motion addressed her claims for false imprisonment, intentional infliction of emotional distress, and wrongful eviction. Serrano filed a response to the motion for summary judgment and a motion for continuance. In her motion for continuance, she asserted the following relevant facts:

7. Plaintiff was granted motion to compel deposition of Alyssa Enriquez and Darryl Vereen on August 18, 2005. Whereby movant's scheduled a deposition date on August 22, 2005 at 3:00 P.M. and 4:00 P.M. respectively and where transcript of deposition will not be ready until approximately Friday August 26, 2005. Nonmovant/Plaintiff would like to incorporate depositions given by Alyssa Enriquez and Darryl S. Vereen as summary judgment evidence to establish many uncontroverted testimonial evidence of movant/defendant and testimony is not clear, positive and free from contradictions and inconsistencies.

8. Plaintiff attaches affidavits to this motion to establish facts not apparent from the record and incorporates them by reference.

. . .

11. The testimony is material to Plaintiffs' claims of malicious prosecution, slander and intentional infliction of emotional distress because testimony proves

that there was no merit as to Alyssa Enriquez claim of theft of services and Darryl S. Vereen's failure to follow PROP.CODE 24.007 accordingly resulting in a wrongful eviction.

Ryan's Crossing urged the court to deny the motion for continuance because it was not verified. The court denied Serrano's motion and granted summary judgment in favor of Ryan's Crossing.[1]

Serrano raises four issues for review. In her first issue, she contends the trial court erred in granting summary judgment. In her second issue, she complains that the El Paso County defendants waived sovereign immunity. Issue Three relates to the statute of limitations. Finally, Serrano alleges the trial court erred in denying a continuance.

## PROPRIETY OF SUMMARY JUDGMENT

In her first and third issues, Serrano contends the trial court erred in granting summary judgment based on limitations. Ryan's Crossing raised the affirmative defense of limitations only with regard to Serrano's slander claim.

■ Slander is a defamatory statement that is orally communicated or published to a third person without legal excuse. *Randall's Food Markets, Inc. v. Johnson*, 891 S.W.2d 640, 646 (Tex.1995). A claim for slander must be brought not later than one year after the day the cause of action accrues. Tex.Civ.Prac. & Rem. Code Ann. § 16.002(a)(Vernon 2002). A "slander claim accrues on the date of the communication or publication and not on the date of the consequences or sequelae." *Ross v. Arkwright Mut. Ins. Co.*, 892

S.W.2d 119, 131 (Tex.App.-Houston [14th Dist.] 1994, no writ).

■ A defendant is entitled to summary judgment on the affirmative defense of limitations if it conclusively proves all the elements of the defense as a matter of law. *Edwards v. Mesa Hills Mall Co. Ltd. Partnership*, 186 S.W.3d 587, 590 (Tex. App.-El Paso 2006, no pet. h.), *citing Pustejovsky v. Rapid–American, Corp.*, 35 S.W.3d 643, 646 (Tex.2000). This requires conclusively proving when the cause of action accrued. *Edwards*, 186 S.W.3d at 590, *citing KPMG Peat Marwick v. Harrison County Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex.1999). If the movant establishes that the statute of limitations bars the action, the non-movant must then adduce summary judgment proof raising a fact issue in avoidance of the defense. *Id.*

■ On appeal, Serrano has not articulated with specificity the particular slanderous comments in issue. We construe her argument to be that Ryan's Crossing slandered her name by falsely filing an affidavit which ultimately resulted in her criminal prosecution for theft by check. The affidavit, dated February 5, 2003, alleged that Serrano wrote a rent check for $670 which was not paid due to insufficient funds. Serrano filed suit for slander on December 15, 2004, well past the one-year statute of limitations. Since Ryan's Crossing has established that limitations bars her claim, Serrano was required to produce summary judgment proof raising a fact issue in avoidance of the affirmative defense. *KPMG Peat Marwick*, 988 S.W.2d at 748. She has failed to do so. Summary judgment was properly granted on the slander claims.

1. Serrano's petition asserted claims on behalf of her father, Julian Serrano. Ryan's Crossing objected to Serrano's attempt to represent her father as the unauthorized practice of law. It sought summary judgment on all of Julian Serrano's claims. The trial court sustained the objection.

In her brief, Serrano argues that the statute of limitations did not accrue for malicious prosecution until the last of her criminal indictments was dismissed. *See Leal v. American Nat. Ins. Co.,* 928 S.W.2d 592, 597 (Tex.App.-Corpus Christi 1996, writ denied). Her live pleadings, however, only stated causes of action for intentional infliction of emotional distress, false imprisonment, slander, and wrongful eviction. She did not allege the tort of malicious prosecution. Nor has she challenged summary judgment on her remaining causes of action-false imprisonment, intentional infliction of emotional distress, and wrongful eviction. Failure to brief a complaint waives error. Tex.R.App.P. 38.1(h); *Wil–Roye Inv. Co. II v. Washington Mut. Bank, FA,* 142 S.W.3d 393, 411 (Tex.App.-El Paso 2004, no pet.); *City of Midland v. Sullivan,* 33 S.W.3d 1, 10, n. 6 (Tex.App.-El Paso 2000, pet. dism'd w.o.j.). We overrule Issues One and Three.

## EP PASO COUNTY DEFENDANTS

In her second issue, Serrano asserts that the El Paso County defendants waived their official immunity. Although Serrano named El Paso County as a party on appeal, each county defendant filed a plea to the jurisdiction which was granted by the trial court. Following entry of the summary judgment, the trial court severed Serrano's claims against Ryan's Crossing into a separate cause of action-Cause No.2005–6925. Because Serrano has only appealed the judgment in Cause No.2005–6925 and the El Paso County defendants are not parties to that cause of action, Serrano cannot complain that her suits against them were dismissed. We overrule Issue Two.

## MOTION FOR CONTINUANCE

In her fourth and final issue, Serrano contends the trial court erred in deny-ing her motion for continuance. We review the denial of a motion for continuance for an abuse of discretion. *Apodaca v. Rios,* 163 S.W.3d 297, 301 (Tex.App.-El Paso 2005, no pet.). A trial court abuses its discretion when it makes a decision without reference to any guiding rules or principles. *Downer v. Aquamarine Operators, Inc.,* 701 S.W.2d 238, 241–42 (Tex. 1985). The mere fact the trial court decided the matter differently than an appellate court would have does not demonstrate an abuse of discretion. *Apodaca,* 163 S.W.3d at 301.

A motion for continuance must be in writing, state the specific facts supporting the motion, and be verified or supported by an affidavit. *See* Tex.R.Civ.P. 251; *Blake v. Lewis,* 886 S.W.2d 404, 409 (Tex.App.-Houston [1st Dist.] 1994, no writ); *Higginbotham v. Collateral Protection, Inc.,* 859 S.W.2d 487, 490 (Tex.App.-Houston [1st Dist.] 1993, writ denied). If the motion is not verified or supported by affidavit, we presume the trial court did not abuse its discretion. *Southwest Country Enterprises, Inc. v. Lucky Lady Oil Company,* 991 S.W.2d 490, 493 (Tex.App.-Fort Worth 1999, pet. denied); *Waste Water, Inc. v. Alpha Finishing & Developing Corp.,* 874 S.W.2d 940, 942 (Tex.App.-Houston [14th Dist.] 1994, no writ).

We construe Serrano's argument as stating that her motion was verified because she appears *pro se* and has personal knowledge of the facts at issue. Verification is "[a] formal declaration made in the presence of an authorized officer, such as a notary public, by which one swears to the truth of the statements in the document." *Andrews v. Stanton,* 198 S.W.3d 4, 8 (Tex.App.-El Paso 2006, no pet. h.), *citing* Black's Law Dictionary 1556 (7th Ed.1999). Serrano's motion was not verified because it was unsworn.

Serrano next contends an attached affidavit verified her motion. An affidavit is statutorily defined as "a statement in writing of a fact or facts signed by the party making it, sworn to before an officer authorized to administer oaths, and officially certified to by the officer under his seal of office." Tex. Gov't Code Ann. § 312.011(1)(Vernon 2005); *Andrews,* 198 S.W.3d at 8. Thus, an affidavit contains facts stated under oath. *Id.*

Serrano stated in her motion that "Plaintiff attaches affidavits to this motion to establish facts not apparent from the record and incorporates them by reference." But the motion had no affidavits attached. Since the motion failed to comply with Rule 251, the trial court did not abuse its discretion. *See* Tex.R.Civ.P. 251; *Sweed v. City of El Paso,* 195 S.W.3d 784, 786 (Tex.App.-El Paso 2006, no pet.)(a *pro se* litigant is held to the same standards as licensed attorneys and must comply with applicable laws and rules of procedure). We overrule Issue Four and affirm the judgment of the court below.