

# IN THE
# TENTH COURT OF APPEALS

### No. 10-08-00245-CV

CARMEN SAENZ,

                                                    Appellant

v.

JAN L. GRANDY, JAMES C. PETTIT, D.O.,
AND JO ANN BRISTOL, L.M.S.W.,

                                                    Appellees

From the 19th District Court
McLennan County, Texas
Trial Court No. 2005-3013-1

## MEMORANDUM OPINION

Carmen Saenz and Robert Bennett, Jr. (collectively "Plaintiffs") sued Jan L. Grandy, James C. Pettit, D.O., Jo Ann Bristol, L.M.S.W., and others (collectively "Defendants") regarding alleged false statements Defendants made about Plaintiffs just before and then during the aftermath of Saenz's attempted suicide. Plaintiffs asserted claims for negligent misrepresentation and intentional infliction of emotional distress against Grandy and negligent misrepresentation, intentional infliction of emotional distress, and tortious interference against Bristol. Plaintiffs asserted claims for negligent

misrepresentation, intentional infliction of emotional distress, tortious interference, and professional malpractice against Dr. Pettit.

Plaintiffs alleged that Dr. Pettit provided false information to the health care professionals who were treating Saenz after her suicide attempt and that those health care professionals then incorporated Dr. Pettit's opinions and information into Saenz's treatment plan such that she "now carries false and defamatory diagnoses that will prevent her from entering and becoming licensed and/or certified in any health care vocation." Dr. Pettit filed a motion to dismiss all Plaintiffs' claims against him with prejudice, contending that Plaintiffs failed to timely serve an expert report pursuant to Chapter 74 of the Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 74.351 (Vernon Supp. 2010). The trial court granted the motion, dismissing Plaintiffs' claims against Dr. Pettit with prejudice and ordering Saenz to pay Dr. Pettit $4,768.23 as reasonable attorney's fees and costs of court incurred by him in obtaining the order of dismissal. During this time, Bennett also non-suited all of his claims with prejudice. Dr. Pettit then filed a motion for severance to finalize the proceeding as to him. The trial court granted the motion, ordering that Plaintiffs' claims against Dr. Pettit be severed into a separate action. The trial court further ordered that, because it had previously dismissed Plaintiffs' claims against Dr. Pettit with prejudice and because Bennett had non-suited any claim that he might have alleged against Dr. Pettit, the severance order was intended to make those orders final and appealable on the date the severance order was signed, March 1, 2007.

Meanwhile, Bristol specially excepted to Plaintiffs' pleadings. The trial court sustained her special exceptions and ordered Saenz to re-plead and cure the defects identified by the special exceptions that were sustained. Saenz subsequently amended her pleadings. Bristol then filed a no-evidence motion for summary judgment, and, in the alternative, motion to strike Saenz's pleadings and to dismiss for failure to comply with the court order and motion to dismiss for want of prosecution. Grandy also filed a traditional motion for summary judgment.

A hearing on the various motions was set for May 1, 2008. On April 15, 2008, Saenz filed a motion for continuance of the hearing on the motions for summary judgment and then an amended motion for continuance of the hearing on the motions for summary judgment on April 28, 2008. The trial court denied Saenz's continuance request after considering it at the beginning of the May 1, 2008 hearing.

On the day of the hearing, Saenz filed a document entitled "Response to Defendant Jan Grandy's Motion for Summary Judgment." Additionally, during the hearing, the "Affidavit of Carmen Saenz" and its attachments were filed with the court. Grandy and Bristol objected that this response by Saenz was untimely and asked the court not to consider the documents. The trial court overruled the timeliness objections but stated that it would allow Grandy and Bristol to review the response and make any objections to the summary judgment evidence. The trial court then stated that it was granting Grandy's traditional motion for summary judgment, Bristol's motion to dismiss for want of prosecution, Bristol's motion to dismiss for failure to comply with a court order, and Bristol's no-evidence motion for summary judgment.

The trial court signed an order granting Grandy's traditional motion for summary judgment on May 1, 2008. One week later, Bristol filed objections to Saenz's summary judgment evidence. Grandy joined in those objections. The trial court sustained all of the objections. On May 12, 2008, the trial court signed orders granting Bristol's motion to dismiss for want of prosecution, motion to strike Saenz's pleadings and to dismiss for failure to comply with a court order, and no-evidence motion for summary judgment.

In her first issue, Saenz complains of the trial court's severance order of March 1, 2007. To invoke the appellate court's jurisdiction over all parties to the trial court's judgment or order appealed from, a party must file a notice of appeal. TEX. R. APP. P. 25.1(b). Absent certain exceptions, the notice of appeal must be filed within thirty days after the judgment or appealable order is signed. TEX. R. APP. P. 26.1. A judgment or order is final for purposes of appeal if it actually disposes of all pending parties and claims before the court. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001).

Here, the trial court's severance order severed Plaintiffs' claims against Dr. Pettit into a separate action. By that time, all pending claims against Dr. Pettit had been disposed of because the court had already entered an order dismissing Plaintiffs' claims against Dr. Pettit with prejudice and Bennett's claims had been non-suited. Thus, the severance order was a final order for purposes of appeal. Because Saenz did not file a notice of appeal on the severance order, her first issue complaining of the severance order is not properly before us. We dismiss Saenz's first issue.

In her second issue, Saenz complains of the trial court's denial of her motion for continuance. We review the denial of a motion for continuance under an abuse-of-discretion standard of review. *Wal-Mart Stores Tex., LP v. Crosby*, 295 S.W.3d 346, 356 (Tex. App.—Dallas 2009, pet. denied). A trial court abuses its discretion by making a decision that is arbitrary or unreasonable. *Downer v. Aquamarine Operators, Inc.*, 701 S.W.2d 238, 242 (Tex. 1985).

A motion for continuance must be in writing, state the specific facts supporting the motion, and be verified or supported by an affidavit. *See* TEX. R. CIV. P. 251; *Serrano v. Ryan's Crossing Apartments*, 241 S.W.3d 560, 564 (Tex. App.—El Paso 2007, pet. denied). If the motion is not verified or supported by affidavit, we presume the trial court did not abuse its discretion. *Serrano*, 241 S.W.3d at 564. Here, neither of Saenz's motions for continuance were verified or supported by affidavit; thus, we presume the trial court did not abuse its discretion and accordingly overrule the second issue.

In her third issue, Saenz complains of the trial court's granting of Grandy's traditional motion for summary judgment, Bristol's no-evidence motion for summary judgment, Bristol's motion to strike Saenz's pleadings and to dismiss for failure to comply with a court order, and Bristol's motion to dismiss for want of prosecution. We will begin with the summary judgments.

The standards of review for traditional and no-evidence summary judgments are well established. *See* TEX. R. CIV. P. 166a(c), (i). Grandy moved for summary judgment on traditional grounds on both Saenz's negligent misrepresentation and intentional infliction of emotional distress causes of action. Bristol moved for summary judgment

on no-evidence grounds on Saenz's negligent misrepresentation, intentional infliction of emotional distress, and tortious interference causes of action.

The elements of negligent misrepresentation are: (1) a defendant provided information in the course of his business, or in a transaction in which he had a pecuniary interest; (2) the information supplied was false; (3) the defendant did not exercise reasonable care or competence in obtaining or communicating the information; (4) the plaintiff justifiably relied on the information; and (5) the plaintiff suffered damages proximately caused by the reliance. *Larsen v. Carlene Langford & Assocs.*, 41 S.W.3d 245, 249-50 (Tex. App.—Waco 2001, pet. denied); *see McCamish, Martin, Brown & Loeffler v. F.E. Appling Interests*, 991 S.W.2d 787, 791 (Tex. 1999). Saenz's claims for negligent misrepresentation fail because none of the alleged representations, whether in the letter sent by Grandy, or in the suspected reports by Bristol, were made while Grandy or Bristol was in the course of his or her own business or with regard to any matter in which either of them held a pecuniary interest.

A defendant can be held liable for negligent misrepresentation made in the course of the defendant's own business dealings or if the alleged misrepresentation is made as a part of a transaction in which the defendant has a pecuniary interest. *McCamish*, 991 S.W.2d at 791; *Fed. Land Bank Ass'n of Tyler v. Sloane*, 825 S.W.2d 439, 442 (Tex. 1991). A defendant who makes a representation outside of his or her business and without any pecuniary interest in the transaction is considered to have made a representation that is purely gratuitous and cannot be justifiably relied upon. RESTATEMENT (SECOND) OF TORTS § 552 cmt. d.

Neither Grandy nor Bristol was in the course and scope of any employment when the alleged representations were made. Neither of them had a business or pecuniary interest in any matter related to Saenz which would be affected by the alleged representations. In short, the alleged representations were not made in a context that is recognized in the tort of negligent misrepresentation.

Saenz also alleged that Grandy and Bristol intentionally inflicted emotional distress upon her. The conduct that was an intentional infliction of emotional distress is the same letter and the same suspected reports that were the basis of the negligent misrepresentation claims.

One element of an intentional infliction of emotional distress cause of action is that the defendant's conduct was extreme and outrageous. *Kroger Tex. L.P. v. Suberu*, 216 S.W.3d 788, 796 (Tex. 2006). Whether the defendant's conduct is extreme and outrageous is a question of law for the court to decide. *Bradford v. Vento*, 48 S.W.3d 749, 758 (Tex. 2001). To establish that a defendant's conduct was extreme and outrageous, the plaintiff must prove that the defendant's conduct was "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Tiller v. McLure*, 121 S.W.3d 709, 713 (Tex. 2003). The supreme court recently stated:

> We certainly understand judicial reticence to dismiss claims like this one stemming from heinous acts. But except in circumstances bordering on serious criminal acts, we repeat that such acts will rarely have merit as intentional infliction claims.
>
> This tort was never intended as an easier and broader way to pursue claims already protected by our expanding civil and criminal laws.

If the tort is to remain viable where "gaps" still remain, litigants and judges cannot entertain it as a catch-all that avoids the careful balancing behind alternate legal claims.

*Creditwatch, Inc. v. Jackson*, 157 S.W.3d 814, 818 (Tex. 2005).

Saenz's claim here fails because the conduct she complains about is not extreme and outrageous as a matter of law. Saenz complains about conduct that simply does not match the strict standards set by very recent supreme court authority. The conduct does not border on "serious criminal acts," it is not "beyond all possible bounds of decency," and it is not "atrocious and utterly intolerable in a civilized community."

Finally, Saenz sued Bristol for tortious interference, but it is not clear whether Saenz claims tortious interference with an existing contract or tortious interference with a prospective business relationship. Either way, her claims for tortious interference fail.

The elements of a cause of action for tortious interference with an existing contract are as follows: (1) the plaintiff had a valid contract; (2) the defendant willfully and intentionally interfered with the contract; (3) the interference proximately caused the plaintiff's injury; and (4) the plaintiff incurred actual damage or loss. *See Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 207 (Tex. 2002). Saenz has failed to identify any existing, valid contract to which she was a party and with which Bristol allegedly interfered. The suspected reports that Saenz complains about had nothing to do with any contract to which Saenz was a party. They were made, if at all, on purely personal matters. Because of this, Saenz could not prevail on a tortious interference claim.

A plaintiff is required to establish the following to prevail on a claim of tortious interference with a prospective business relationship: (1) a reasonable probability that

the plaintiff would have entered into a contractual relationship; (2) an intentional or malicious act by the defendant that prevented the relationship from occurring with the purpose of harming the plaintiff; (3) lack of privilege or justification for the act; and (4) actual harm or damage incurred as a result of the defendant's interference. *Ash v. Hack Branch Distrib. Co.*, 54 S.W.3d 401, 413-14 (Tex. App.—Waco 2001, pet. denied).

The first element of a claim for tortious interference with a prospective business relationship requires the plaintiff to prove that she had become involved in a prospective business relationship that had not yet been reduced to contract, but that involved more than just preliminary negotiations. *See Richardson-Eagle, Inc. v. William M. Mercer, Inc.*, 213 S.W.3d 469, 475-76 (Tex. App.—Houston [1st Dist.] 2006, pet. denied). Here, Saenz has identified no prospective business relationship that had gone beyond mere negotiations and in which the formation of a contract was reasonably probable. She simply alleges a vague desire to go into the health care services field and nothing more. Moreover, Saenz has failed to show that the suspected reports had any negative effect on her desire to enter into these vague endeavors. Again, the alleged representations in this case were, if any, representations made in a social, non-business context. Like her other claims, Saenz's efforts to state a claim for tortious interference fail.

Based on the foregoing, the trial court did not err in granting Grandy's traditional motion for summary judgment and Bristol's no-evidence motion for summary judgment. We need not address the other orders. Saenz's third issue is overruled, and we affirm the trial court's judgment.

REX D. DAVIS
Justice

Before Chief Justice Gray,
     Justice Reyna, and
     Justice Davis
Affirmed
Opinion delivered and filed October 27, 2010
[CV06]