

# COURT OF APPEALS
**SECOND DISTRICT OF TEXAS**
**FORT WORTH**

## NO. 02-15-00325-CV

WENZAL M. HARDWICK                                                    APPELLANT

V.

CYNTHIA K. HARDWICK                                                    APPELLEE

----------

## FROM THE 362ND DISTRICT COURT OF DENTON COUNTY
TRIAL COURT NO. 14-03369-362

----------

## MEMORANDUM OPINION[1]

----------

### I. INTRODUCTION

This is an appeal of a final decree of divorce following a bench trial. In his sole issue, Appellant Wenzal M. Hardwick (Husband) argues that the trial court abused its discretion by denying his unverified motion for continuance filed on the day of trial. We will affirm.

---

[1]*See* Tex. R. App. P. 47.4.

## II. BACKGROUND

Husband and Appellee Cynthia K. Hardwick (Wife) were married on December 11, 2004. On May 5, 2014, Wife filed a petition for divorce, and Husband later filed a counter-petition for divorce. Both parties were initially represented by counsel. Wife's attorney, however, was permitted to withdraw on January 30, 2015, and Husband's attorney was permitted to withdraw on March 13, 2015.[2] The parties then proceeded pro se for a period of time, during which they entered an agreed scheduling order setting their case for a bench trial on July 1, 2015.

On June 25, 2015, Wife's prior attorney served Husband with a notice of appearance. That notice of appearance was filed in the trial court on June 29, 2015. The parties appeared for trial on July 1, 2015, Wife with her attorney, and Husband appearing pro se. Husband filed, at 8:12 a.m. on the morning of trial, an unverified motion for continuance arguing that he needed additional time to retain counsel. The trial court denied Husband's motion for continuance, and following a bench trial, the trial court entered a final decree of divorce.

---

[2]Both Husband and Wife agreed to the withdrawal of their respective attorneys.

### III. HUSBAND'S MOTION FOR CONTINUANCE

In his sole issue, Husband complains that the trial court should not have denied his motion for continuance, arguing that he was "surprise[d] [by the] unexpected reappearance of [Wife's] previous trial counsel."

### A. The Law

We review a trial court's ruling on a motion for continuance for an abuse of discretion. *In re Z.C.*, 280 S.W.3d 470, 478 (Tex. App.—Fort Worth 2009, pet. denied); *see BMC Software Belg., N.V. v. Marchand*, 83 S.W.3d 789, 800 (Tex. 2002). The denial of a motion for continuance will only be reversed if the trial court acted arbitrarily, unreasonably, or without reference to any guiding rules and principles. *Garner v. Fid. Bank, N.A.*, 244 S.W.3d 855, 858 (Tex. App.—Dallas 2008, no pet.) (citing *BMC Software*, 83 S.W.3d at 800).

"A motion for continuance must be in writing, state the specific facts supporting the motion, and be verified or supported by an affidavit."[3] *Serrano v. Ryan's Crossing Apartments*, 241 S.W.3d 560, 564 (Tex. App.—El Paso 2007, pet. denied); *see* Tex. R. Civ. P. 251. If a motion for continuance is not verified or supported by affidavit, we presume the trial court did not abuse its discretion in

---

[3]Verification is "[a] formal declaration made in the presence of an authorized officer, such as a notary public, by which one swears to the truth of the statements in the document." *Andrews v. Stanton*, 198 S.W.3d 4, 8 (Tex. App.—El Paso 2006, no pet.) (quoting Black's Law Dictionary 1556 (7th Ed. 1999)). An affidavit is statutorily defined as "a statement in writing of a fact or facts signed by the party making it, sworn to before an officer authorized to administer oaths, and officially certified to by the officer under his seal of office." Tex. Gov't Code Ann. § 312.011(1) (West 2013).

denying the motion. *Shaw v. Lemon*, 427 S.W.3d 536, 544 (Tex. App.—Dallas 2014, pet. denied), *cert. denied*, 135 S. Ct. 1563 (2015); *Serrano*, 241 S.W.3d at 564; *Daugherty v. Jacobs*, 187 S.W.3d 607, 619 (Tex. App.—Houston [14th Dist.] 2006, no pet.); *Sw. Country Enters., Inc. v. Lucky Lady Oil Co.*, 991 S.W.2d 490, 493 (Tex. App.—Fort Worth 1999, pet. denied).

### B. Application of the Law to the Facts

Here, Husband's motion for continuance contained a "Verification" page that included the following statement: "I, the undersigned, swear under oath that the above Motion for Continuance is true and correct." Husband's signature immediately followed that statement. While the "Verification" page contained a place for a notary's signature and seal, the space for the notary was left blank. Thus, Husband's motion for continuance was not verified or supported by affidavit, and we therefore presume that the trial court did not abuse its discretion in denying it. *See Shaw*, 427 S.W.3d at 544; *Serrano*, 241 S.W.3d at 564; *Daugherty*, 187 S.W.3d at 619; *Sw. Country Enters.*, 991 S.W.2d at 493; *see also Taherzadeh v. Ghaleh-Assadi*, 108 S.W.3d 927, 928 (Tex. App.—Dallas 2003, pet. denied) (holding trial court did not abuse its discretion by denying oral continuance request based on pro se litigant's desire to be represented by counsel at hearing when pro se litigant had nine days' notice of the hearing in which he could have found counsel).

Although the parties do not address the issue, we also consider whether Husband's statement on the "Verification" page qualifies as an unsworn declaration under Texas Civil Practice and Remedies Code section 132.001. *See* Tex. Civ. Prac. & Rem. Code Ann. § 132.001 (West Supp. 2016). That section provides that, with the exception of certain situations that do not apply here, "an unsworn declaration may be used in lieu of a written sworn declaration, verification, certification, oath, or affidavit required by statute or required by a rule, order, or requirement adopted as provided by law." *Id.* § 132.001(a). An unsworn declaration, however, must be "in writing" and "subscribed by the person making the declaration as true under penalty of perjury." *Id.* § 132.001(c); *see Tex. Dep't of Pub. Safety v. Caruana*, 363 S.W.3d 558, 564 (Tex. 2012) (explaining that unsworn declarations may be used in lieu of verifications or affidavits so long as they are subscribed as true under "penalty of perjury"); *Dominguez v. State*, 441 S.W.3d 652, 658 (Tex. App.—Houston [1st. Dist.] 2014, no pet.) ("The inclusion of the phrase 'under penalty of perjury' is the key to allowing an unsworn declaration to replace an affidavit."). Here, Husband's signed statement on the "Verification" page was not made under penalty of perjury, and as such, it does not cure the fact that his motion for continuance was not verified or supported by affidavit. *See* Tex. Civ. Prac. & Rem. Code Ann. § 132.001(a); *Caruana*, 363 S.W.3d at 564; *Dominguez*, 441 S.W.3d at 658.

We overrule Husband's sole issue.

## IV. CONCLUSION

Having overruled Husband's sole issue, we affirm the trial court's judgment.

/s/ Sue Walker
SUE WALKER
JUSTICE

PANEL:  WALKER, MEIER, and GABRIEL, JJ.

DELIVERED:  September 29, 2016