**AFFIRM; Opinion Filed September 14, 2023**



In The
**Court of Appeals
Fifth District of Texas at Dallas**

**No. 05-22-01364-CV**

**GEORGIA VERHALEN AND CINDY VERHALEN, Appellants**
**V.**
**ADRIANA AKHTAR AND EVAN JOHNSTON, Appellees**

**On Appeal from the 14th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-21-00476**

## MEMORANDUM OPINION

Before Justices Carlyle, Smith, and Kennedy
Opinion by Justice Kennedy

Georgia Verhalen and her mother Cindy Verhalen appeal the trial court's

summary judgment awarding take-nothing judgments in favor of appellees Adriana

Akhtar and Evan Johnston on the Verhalens' claims against them. In their sole issue

on appeal, the Verhalens argue the trial court abused its discretion by denying them

leave to file a late summary-judgment response. We affirm. Because all dispositive

issues are settled in law, we issue this memorandum opinion. *See* TEX. R. APP.

P. 47.2(a), 47.4.

## BACKGROUND

In January 2021, the Verhalens filed suit against Akhtar, asserting claims of negligence and gross negligence for alleged actions and omissions that took place during a trip to a resort in Cabo San Lucas, Mexico, to celebrate Akhtar's daughter's birthday.[1] Those joining Akhtar and her daughter on the trip included Akhtar's adult sister Angelina Lawton, Georgia Verhalen, Evan Johnston, and G.L., the then 15-year-old daughter of Lawton. According to the petition, during that trip, Georgia Verhalen was riding on a golf cart driven by then 17-year-old Johnston or G.L. Georgia fell off of the golf cart and onto her head. Georgia was treated by paramedics on duty at the resort and later at an emergency room "where she suffered from concussion like symptoms, specifically confusion, nausea, loss of appetite, and headaches." Akthar demanded Georgia fly home "because she believed Georgia was ruining her daughter's birthday experience."

The Verhalens' suit alleged Akhtar failed to adequately supervise the children in her care, provided alcohol to minors who were not her children, allowed minor children to drive golf carts in violation of the resort's rules, allowed unsupervised children to use the golf carts under the influence of alcohol, instructed Georgia to travel "hours after suffering a traumatic brain injury," and other actions and omissions that the Verhalens allege proximately caused or made worse Georgia's alleged injuries and damages. They later added Johnston as a defendant for her

---

[1] The following background facts are taken from the allegations in the petition.

alleged negligence related to her driving the golf cart Georgia was riding in, including that she did so while under the influence of alcohol. The Verhalens also added Lawton, individually and as next friend of her daughter G.L., as defendants, but later nonsuited the claims against them with prejudice.

On September 8, 2022, Johnston filed a no-evidence motion for summary judgment, seeking a take-nothing judgment on all of the Verhalens' claims against her. Johnston filed a notice initially setting the hearing on her motion for October 5. On September 16, Akhtar filed a combined traditional and no-evidence motion for summary judgment, also seeking a take-nothing judgment on all the Verhalens' claims against her. Akhtar filed a notice that her motion was set for hearing on October 13. On September 28, both Johnston and Akhtar filed amended notices that their respective motions were going to be heard on October 12.

On October 7, the Verhalens filed a motion for leave to file late responses to the summary-judgment motions, acknowledging the due date of the responses of October 5 and explaining the delay in filing the responses as due to a "calendaring issue when the hearings were rescheduled in the case management software used by Plaintiffs' counsel."[2] At the October 12 hearing on the summary-judgment motions, the trial court heard the motion for leave to file late responses and denied that motion before hearing the parties' arguments on the summary-judgment motions. That same

---

[2] The Verhalens also requested leave from the trial court to file appendices exceeding the trial court's 25-page limit.

day, the trial court signed an order granting Johnston's motion for summary judgment. On October 13, the trial court signed an order granting Akhtar's motion. Both orders awarded take-nothing judgments against the Verhalens.

The Verhalens filed a motion for new trial, in which they argued the trial court abused its discretion by denying their motion for leave to file late responses.[3] Both Johnston and Akhtar filed motions in opposition to the motion for new trial, arguing the Verhalens' explanation for their delay was insufficient and that the delay would cause them undue delay and injury. The motion for new trial was denied by operation of law. This appeal followed.

## DISCUSSION

In their sole issue on appeal, the Verhalens argue the trial court abused its discretion by denying them leave to file late summary-judgment responses.

We review the trial court's ruling on a motion for leave to file a late response to motion for summary judgment under an abuse of discretion standard. *Brown v. Melissa 121/5 Partners, Ltd.*, No. 05-13-01189-CV, 2014 WL 3811120, at *1 (Tex. App.—Dallas Aug. 4, 2014, no pet.) (mem. op.) (citing *Carpenter v. Cimarron*

---

[3] Included as exhibits to the motion for new trial were affidavits from the Verhalens' counsel, in which she asserted that in the late evening of October 6, she attempted to file the motion for leave to file late responses to the summary-judgment motions, along with supporting evidentiary exhibits. She also attested that her paralegal filed and served the motion for leave and its exhibits "including the proposed responses and summary judgment evidence." In a separate affidavit, the paralegal attested that the morning of October 7, she received a "filing returned" efiling notification and "learned that only the Motion for Leave was necessary, and that the Responses should not be submitted until such time as the Motion for Leave was granted."

*Hydrocarbons Corp.*, 98 S.W.3d 682, 686–87 (Tex. 2002)). The trial court abuses its discretion when it acts without reference to any guiding rules or principles. *Id.*

In a summary-judgment proceeding, the nonmoving party may file and serve opposing affidavits or other written responses no later than seven days prior to the scheduled date of the hearing. TEX. R. CIV. P. 166a(c). The nonmoving party must obtain leave to file evidence after the deadline. *Id.* A motion for leave to file a late summary-judgment response should be granted when the nonmovant establishes good cause by showing that the failure to timely respond (1) was not intentional or the result of conscious indifference but the result of accident or mistake and (2) allowing the late response will not cause any undue delay or otherwise injure the party seeking summary judgment. *Brown*, 2014 WL 3811120, at *1 (citing *Carpenter*, 98 S.W.3d at 686).

The Verhalens argue they established the first element of good cause by explaining—with a supporting affidavit from their counsel—that the delay in responding was not out of conscious indifference, but rather the result of a mistake in calendaring. In her supporting affidavit, the counsel stated, "Due to an inadvertent calendaring error, the deadline for Plaintiffs to respond to the Motions for Summary Judgment filed by Defendants Adriana Akhtar and Evan Johnston did not appear on the firm's company calendar. . . . As soon as this oversight became known, I immediately prepared the responses as well as a Motion for leave of the Court to file late responses . . . ." At the hearing, counsel stated that when the summary-judgment

hearings were rescheduled from October 5 and 13 to October 12, "unfortunately our calendaring system did not pick that up, and it was a mere mistake on [our] part."

In *Carpenter v. Cimarron Hydrocarbons Corp.*, the supreme court addressed whether a party had established good cause for failing to timely respond to a summary-judgment motion when the counsel only argued at the hearing on the motion that he had not timely responded "because of a calendaring error." *See* 98 S.W.3d at 688. The Verhalens argue that this case is distinguishable from *Carpentar*, noting that in that case counsel "offered no explanation of the error from which the trial court might determine that an accident or mistake had occurred." *See id.* They also argue that the supreme court later held in the context of whether a trial court erred by denying a motion to set aside a default judgment that "conscious indifference amounts to more than mere negligence." *See Levine v. Shackelford, Melton & McKinley, L.L.P.*, 248 S.W.3d 166, 169 (Tex. 2008). The Verhalens also rely on decisions from this Court in which we held that "even a slight excuse will suffice" to satisfy "good cause" in the context of reviewing trial court's rulings on setting aside deemed admissions. *See Spiecker v. Petroff*, 971 S.W.2d 536, 538 (Tex. App.—Dallas 1997, no pet.); *Emps. Ins. of Wausau v. Halton*, 792 S.W.2d 462, 466 (Tex. App.—Dallas 1990, writ denied); *see also Torres v. Lee*, No. 05-18-00631-CV, 2020 WL 38832, at *3 (Tex. App.—Dallas Jan. 3, 2020, no pet.) (mem. op.). And, as previously held by the supreme court, the standards for withdrawing deemed admissions and for allowing a late summary-judgment response are the same. *See*

–6–

*Wheeler v. Green*, 157 S.W.3d 439, 442 (Tex. 2005) (per curiam) (citing *Carpenter*, 98 S.W.3d at 687–88).

We agree that the "slight excuse" standard applies, but the excuse offered here is only that the deadline to file responses did not appear in counsel's calendar. Therefore, trial court could not conclude from that explanation that failure to prepare responses was an accident or mistake. *See, e.g.*, *Se. Tex. Env'l, L.L.C. v. Wells Fargo Bank, N.A.*, No. 01-10-00076-CV, 2011 WL 3556966, at *3 (Tex. App.—Houston [1st Dist.] Aug. 11, 2011, no pet.) (mem. op.) ("Southeast Texas Environmental's explanation for its failure to attach evidence to its original response is that a calendaring error occurred and that the mistake was not the result of conscious indifference, but it did not offer specific facts in support of this general assertion."); *see also Carpenter*, 98 S.W.3d at 688. For example, nothing in the affidavit indicated that the hearings themselves did not appear in the counsel's calendar such that counsel would be aware that responses would be due the week prior. *See* TEX. R. CIV. P. 166a(c); *see also Wheeler*, 157 S.W.3d at 444 (noting that application of rule 166a "turns on an actor's state of mind" and that "application may require a different result when the actor is not a lawyer," thus indicating "what any lawyer would [know]" is relevant to determining whether a litigant established "good cause" for failure to respond to deemed admissions). Thus, the Verhalens' failed to establish even a slight excuse to explain their delay in filing responses.

Even assuming the foregoing were sufficient to establish a slight excuse, as part of the "good cause" requirement, the Verhalens were required to show the late response would not cause any undue delay or otherwise injure Akhtar and Johnston. In their sworn motion for leave, the Verhalens argued that (1) "the Court still has adequate time to review the evidence presented prior to the hearings on October 12"; (2) "the filing of Plaintiffs' responses will not change the date of the hearings"; and (3) "the evidence presented has long since been produced in discovery—much of it produced by Defendants—or is based on sworn testimony in depositions which were attended by Defense counsel."

While the Verhalens' October 7 motion for leave was filed several days before the summary judgments were set to be heard on October 12, the Verhalens did not request any continuance until the date of the hearing, at which point only an oral request to continue was made. "The law is well settled that a motion for continuance must be in writing, state the specific facts supporting the motion, and be verified or supported by affidavit." *See In re A.A.*, No. 05-07-01698-CV, 2008 WL 2514346, at *2 (Tex. App.—Dallas June 25, 2008, no pet.) (mem. op.) (citing TEX. R. CIV. P. 251; *Villegas v. Carter*, 711 S.W.2d 624, 626 (Tex. 1986); *Serrano v. Ryan's Crossing Apartments*, 241 S.W.3d 560, 564 (Tex. App.—El Paso 2007, no pet.); *In re E.L.T.*, 93 S.W.3d 372, 375 (Tex. App.—Houston [14th Dist.] 2002, no pet.)). Further, although the motion for leave to file late responses also requested leave to file appendices greater than 25 pages long, the motion contained no attached

responses or evidence.[4] *Cf. Wheeler*, 157 S.W.3d at 443 (no undue prejudice where responses were received by opposing counsel two days late but six months before summary-judgment motion heard). Therefore, the trial judge could have concluded that the hearing on the motions for summary judgment would have been the first opportunity for Akhtar and Johnston to review the responses and to know what evidence already produced in discovery that the Verhalens relied upon to support their responses.

Based on the foregoing, we conclude the trial court did not abuse its discretion by denying the Verhalens' motion for leave to file a late summary-judgment response. We overrule their sole issue.

## CONCLUSION

We affirm the trial court's judgment.

221364f.p05

/Nancy E. Kennedy/
NANCY KENNEDY
JUSTICE

---

[4] The Verhalens assert that their counsel served the responses with supporting evidence on opposing counsel six days prior to the hearing. To support this assertion, they rely on the affidavits of their counsel and paralegal filed in support of their motion for new trial. However, those affidavits were not included in support of the motion for leave to file late responses, and the Verhalens do not appeal the trial court's decision to deny their motion for new trial.



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

GEORGIA VERHALEN AND
CINDY VERHALEN, Appellants

No. 05-22-01364-CV     V.

ADRIANA AKHTAR AND EVAN
JOHNSTON, Appellees

On Appeal from the 14th Judicial
District Court, Dallas County, Texas
Trial Court Cause No. DC-21-00476.
Opinion delivered by Justice
Kennedy. Justices Carlyle and Smith
participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellees ADRIANA AKHTAR AND EVAN JOHNSTON recover their costs of this appeal from appellants GEORGIA VERHALEN AND CINDY VERHALEN.

Judgment entered this 14th day of September 2023.